## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF OHIO.

## DECEMBER TERM, 1861.

Hon. MILTON SUTLIFF, Chief Justice.
Hon. WILLIAM V. PECK,
Hon. WILLIAM Y. GHOLSON, } Judges.
Hon. JACOB BRINKERHOFF,
Hon. JOSIAH SCOTT,

---

## Ira A. Preston et al. *v.* Lucius A. Bowers.

1. In an action by a husband to recover damages for enticing his wife to leave his bed and board, he may give in evidence the declarations of the wife, made shortly prior to the alleged seduction, in order to show the state of her affections toward him up to the time of the injury complained of; and this, whether such declarations were made prior or subsequent to her marriage with the plaintiff. But it is an abuse of this right to permit statements of the wife to go in evidence, relating to the words and acts of a party defendant, and tending to prove the allegations of the petition against him. Such statements of the wife are mere hearsay, and inadmissible.

2. Where, in such action, several persons, some of whom are, and others are not, parties defendant, are alleged in the petition to have conspired together to entice away the wife, the declarations of any one of such alleged conspirators are admissible to show him or her to be a member of such conspiracy; but such declarations are not evidence against other members of the alleged conspiracy, unless—1. The fact of conspiracy be proved to the satisfaction of the jury; and 2. Unless such declarations are in furtherance of the objects of the conspiracy.

3. The jury having retired to consider of their verdict, and afterward coming into court, during its regular session in the day time, and asking further instructions, and parties and their counsel being loudly called at the door, it is not error for the court further to instruct the jury in the absence of a party or his counsel.

2

ERROR to the superior court of Franklin county.

On the 4th of October, 1858, Lucius A. Bowers filed his petition in the superior court of Franklin county, against Ira A. Preston, Margaret Preston, his wife, and Aaron D. Griffin, charging them with having combined and confederated together, on or about the first of May, 1858, for the purpose of persuading and enticing away his wife Mary E. Bowers, and that they did unlawfully and wrongfully per suade and entice his said wife to renounce his society, and to refuse to cohabit or associate with him, or to receive his assistance and friendly offices, and to be and continue apart from him, which she accordingly did from the 22d of June, 1858, until the commencement of the action, and that thereby the affection, confidence, respect and assistance of the said Mary, his wife, toward and for him, were lost and alienated, without reasonable or probable hope of recovery.

Preston and wife and Griffin answered, denying, generally, all the allegations of the petition, except that the wife of Bowers had continued apart from him, as stated in the petition.

Upon the trial of the issue made by petition and answers, the verdict was in favor of Bowers, but judgment on it was arrested by the court, on the motion of the defendants below, on the ground that Margaret Preston was improperly joined as a defendant with her husband and Griffin.

Thereupon Bowers, on leave of court, filed an amended petition, charging that Preston and Griffin combined and confederated with the said Magaret to, and that they all did entice the wife of Bowers to renounce his society, etc., as averred in the original petition.

To this amended petition Preston answered, denying its averments, except that the wife of Bowers had continued apart from him as therein stated.

Griffin failed to answer or demur to this amended petition.

At the March term, 1860, the cause came to trial to a jury, and Bowers, the plaintiff, was introduced as a witness on his own behalf, upon the inquiry as to damages, and testified that after his engagement with Mary E. Kent, afterward his wife,

and before the marriage, some ten days, he had a conversation with Griffin, the defendant, at Springfield, Illinois, in which conversation Griffin told him that he had a few days before seen said Mary at Beardstown, and that she had said that she had no affection for him, Bowers, and did not intend to marry him, etc., and that he, Bowers, a few days thereafter, visited the said Mary, and was proceeding to state what she said to him, Bowers, upon that occasion, in regard to the conversation between her and Griffin above alluded to, Bowers having fully advised her as to what Griffin had said to him in relation thereto. The counsel for the defendants objected to Bowers being allowed to state the declarations of said Mary as to what Griffin had said to her.

The counsel of Bowers insisted that it was competent for him to state her said declarations, to show the feeling of his wife toward him.

The court overruled the objection, holding that said conversation between Bowers and his wife before marriage were competent for the purpose of showing her feelings toward him at that time.

To which holding of the court the defendants excepted.

Bowers thereupon testified that, upon the occasion referred to, the said Mary said: (1) That Griffin told her at the conversation mentioned that her friends in Ohio were greatly dissatisfied with her coming west, and that he had greatly wrought on her feelings, and made her homesick, and hence she had said what Griffin told Bowers, above stated. (2) That she further said she was deeply attached to him, Bowers, that she put her head on his breast and declared that nothing should prevent her from marrying him. (3) That she said further, that she never wanted to see Griffin again, and that she dictated a note to Griffin, which Bowers wrote out at her request, and that she requested him to deliver the note to Griffin, and also Griffin's likeness, which she then handed over to Bowers.

The defendants' counsel moved the court to rule out these statements (1), (2) and (3), but the motion was overruled and exception taken.

Counsel for Bowers further offered to prove by him that in May, 1858, while he and his wife Mary were staying at a hotel in Springfield, Illinois, Griffin asked his permission to walk out with said Mary, and that he, Bowers, consented; and that they did walk out together, and that upon their return, he, Bowers, asked his wife what conversation was between her and Griffin during the walk.

The defendants objected to the question being answered, for the reason that the testimony proposed to be drawn out would be incompetent.

Counsel for Bowers claimed that it would be admissible to show the state of the feelings and affections of his wife toward him.

The court overruled the objection, and permitted the question to be answered for the purpose for which the answer was sought, and the defendants excepted.

Bowers thereupon testified that he had asked his wife if Griffin had not used the same language which he had formerly used at Beardstown, and that she replied that he had used persuasive language, such as he had before used at Beardstown; and that a great deal had been said and done to persuade her from what she considered to be her duty; but that her former declarations at Beardstown to him, Bowers, were what she meant and would abide by.

The defendants thereupon moved the court to rule out so much of said testimony as related to what had been said and done by Griffin.

The court overruled the motion, upon the ground that the evidence was proper to show the state of the feelings and affections of Bowers' wife toward him at that time. To this holding the defendants excepted.

Bowers further proved that while he was in the country, his wife left Springfield, Illinois, without his knowledge or consent for Ohio, leaving a note for him. Counsel for Bowers then proposed to prove by him that after his wife had thus left Springfield, he followed and overtook her at Decatur, and accompanied her to Lafayette, Indiana, and that there he had another conversation with her, and claimed that it

was competent for him to state what she then said, for the purpose of showing her feelings toward him.

The defendants objected to Bowers stating anything that his wife said to him at that conversation, as to the conduct of Griffin.

The court overruled the objection, on the ground that it was proper for Bowers to testify to what his wife had said, for the purpose of showing the state of her feelings toward him, and the testimony was admitted, and the defendants excepted; and Bowers testified that in said conversation his wife told him that Griffin had taken advantage of her—got the consent of her mind to leave—that immediately after he, Bowers, went to the country, Griffin came to her room and assisted her in leaving, and had written the note she left for him, Bowers, and that she had merely copied the note.

The defendants moved the court to rule out this testimony, but the motion was overruled, and exception taken.

Counsel for Bowers proposed to prove further, by him, that he accompanied his wife from Lafayette to Indianapolis, and that he there had another conversation with her, and that she then expressed regret for having deserted him at Springfield, and expressed a willingness to retract her note, and live with him again, if he would overlook the past.

The defendants objected to the admission of this testimony as irrelevant and incompetent; but counsel for Bowers insisted that it was competent to show the feelings of his wife toward him.

The court so held, and the testimony was admitted, and the defendants excepted.

Bowers further testified to a conversation which he had with Margaret Preston, wife of the defendant, Ira A. Preston, in the presence of his said wife, at the house of Mrs. Preston, soon after he had returned to Ohio, and that Mrs. Preston said " that his presence there was no longer agreeable— that though he was married to her sister, she was not his wife, and that the said Mary should never live with him again if she could help it."

The admission of this testimony was objected to, on the

ground that Mrs. Preston was not a party to the record, and that what she had said and done could not be properly received to influence the verdict of the jury.

This conversation occurred in the absence of the defendant Ira A. Preston, and in the absence of the defendant Griffin; and the record does not show that Preston ever authorized or sanctioned this conversation of his wife, or that he ever knew she had such a convervation with Bowers; nor does the record show that any conspiracy had been proved as charged in the petition.

The objection of the defendants to the admission of this testimony was overruled, and they excepted.

It further appears from the record that evidence was received of Mrs. Preston's declarations to other persons, on two or three different occasions; and that those declarations were not made in the presence of either of the parties to the suit, nor in the presence or hearing of Bowers' wife, nor that they were ever communicated to her.

The defendants objected to this evidence on the grounds— 1. That Mrs. Preston was not a party to the record.   2. That she being the wife of the defendant, Ira A. Preston, her declarations could not be received in evidence against her husband.   3. That it was not proposed by Bowers to prove that said declarations were ever communicated to his wife, or made in her presence, and that therefore they could not have influenced her conduct.

The objections to the admission of this testimony were overruled, and the defendants excepted.

The record further shows that after the jury had returned to consider of their verdict, but while the court was yet in session, the defendant, Preston, and both of his counsel having left the court-house, the plaintiff, Bowers, and one of his counsel remaining, and the defendant, Griffin, not having been present at any time during the trial, the jury asked leave of court to return into court, which was granted; but before their return, the court ordered the sheriff to call the defendants and their counsel by name, and at the door of the court-house; whereupon the sheriff did call each of the defendants

and each of their counsel by name three times, in a loud voice, at the door of the court-house, neither of whom answered. The jury were then permitted to come into court, and the court, in such absence of defendants and their counsel, instructed the jury upon points of law in the case, and the jury again retired, and afterward brought in a verdict in favor of Bowers, the plaintiff.

Thereupon the defendant, Preston, moved the court for a new trial on the grounds: .

1. That the court erred in admitting the testimony objected to as before stated.

2. That the court erred in premitting the jury, after they had retired to consider of their verdict, to come into court in the absence of the defendants and their counsel, and in giving the jury further instructions as stated.

3. That the verdict is contrary to the evidence and the law.

This motion was overruled, and judgment entered on the verdict; and the defendants excepted; and to reverse the judgment filed their petition in error in this court, and assign for error the same grounds upon which their motion for a new trial was based, and the further one, that that motion was overruled.

*S. W. Andrews* and *N. H. Swayne*, for plaintiffs in error:
I. As to the declarations of the plaintiff's wife.
1st. At Beardstown, Illinois.
Was this testimony competent for the plaintiff below, to maintain the issue on his part?

*First.* It is not original evidence, deriving its credibility from the witness—but *hearsay*—repeating the statements made by the defendant, Griffin, to the said Mary, and by her to the witness.

Upon general principles of law, such evidence is not admissible. 1 Phil. Ev. 169.

But it is claimed that this evidence is competent to show the feelings of the said Mary toward the plaintiff, Bowers.

In cases where it is *material* to inquire into the demeanor, the conduct and mental feelings of an individual at a particu-

lar period, the expressions used by the individual at the period in question are, in their nature, original evidence. 1 Phil. Ev. 181.

As in actions for criminal conversation, to show the terms upon which the husband and wife lived together. Ib.

And in cases where it is necessary to show the health of a party, the declarations of the party are evidence for that purpose. Ib.

When the declarations of a third person are made in the performance of an act which is admissible in evidence, such declarations may be proved as explanatory of the act. *Stewart* v. *Hauson,* 35 Maine, 506. If the act can not be proved, the explanations can not be given. *Gilbert* v. *Gilbert,* 22 Ala. 529.

But, to render such declarations a part of the *res gesta,* they must be contemporaneous with the main fact material to be proved. 14 Penn. S. R. 214; 11 Geo. 615.

*Second.* It was not material to the issue.

This conversation occurred before the marriage, and before the cause of action arose. The plaintiff then had no legal rights which could be affected by the declarations of the defendant, Griffin.

But there is a stronger objection than this, and that is, that by proving her declarations they thereby prove the declarations of the defendant, Griffin, made to her, for she repeats them in her declarations to the witness. Now, can his declarations be proved in that way? It is proving what she said that Griffin said. If for no other reason than this, the evidence ought to have been rejected.

2d. Declaration of plaintiff's wife at Springfield, Illinois.

The same objection applies to these declarations.

The point of objection made was, that her declarations should not be received, as to what Griffin had said to her, because they were not her declarations, explanatory of her feelings, and therefore do not come within the rule laid down on this subject. 1 Phil. Ev. 181; 35 Maine, 506; 14 Penn. 214.

3d. Declarations of plaintiff's wife at Lafayette, Indiana.

The point of objection to this evidence is the same as to

the other. That the acts and declarations of Griffin to her, are not her declarations explanatory of her feelings.

The acts of Griffin may have been a proper subject of testimony, but they must be proved in the ordinary way, and the proof subjected to the usual tests of truth. They are such facts as tend to prove the main issue, and can not be given in evidence by proving her declarations, under the pretense of showing the state of her feelings.

4th. As to Bowers' testimony in regard to what his wife said to him at Indianapolis.

This testimony was objected to as irrelevant, and incompetent, because she was the wife of the plaintiff, and could not testify in the case, *a fortiori*, her declarations ought not to be received as evidence in the case. *Hawkins* v. *Hatton*, 2 Nott & McCord, 374; *Burgen* v. *Treble and Wife*, 2 Dana, 383; 2 Starkie Ev. 46; 1 Phil. Ev. 80.

II. As to the declarations of Margaret Preston, wife of the defendant, Ira A. Preston.

The admission of this testimony was objected to, on the ground that Mrs. Preston was not a party to the record, and that what she had said and done could not be properly received to influence the verdict of the jury.

This conversation occurred in the absence of the defendant, Ira A. Preston, and in the absence of the defendant, Griffin; and the bill of exceptions does not show that Preston ever authorized or sanctioned this conversation of his wife, or that he ever knew she had such a conversation with Bowers; nor does the bill of exceptions show that any conspiracy had been proved as charged in the petition.

In the absence of such proof, the declarations of Mrs Preston are not competent evidence against her husband, she not being a party to the record. *Wayne* v. *Bell*, 19 Barb. 321; *Davis* v. *The State*, 15 Ohio Rep. 72; *Hawkins* v. *Hatton*, 2 Nott & McCord, 374.

III. As to the declarations of Mrs. Preston, made to third persons, and not communicated to plaintiff's wife.

The objections to this evidence are:—

1st. That Mrs. Preston was not a party to the record.

2d. That she being the wife of the defendant, Ira A. Preston, her declarations could not be received in evidence against her husband.

3d. That the declarations were never communicated to the plaintiff's wife, nor made in her presence, and therefore could have no influence whatever upon her conduct. *Parks* v. *Hopkins, et ux.*, 2 Bailey, 408.

IV. As to the charge of the court in the absence of the defendants and their counsel.

We think the court erred in this. *Kirk* v. *The State*, 14 Ohio Rep. 511 ; *Rose* v. *The State*, 20 Ohio Rep. 31.

*R. B. Warden* and *James E. Wright* (with *Samuel Galloway*), for defendant in error :

I. There was no error in admitting the declarations of Mary Bowers.

1. It is no answer to this proposition to say that the person making the declarations was the wife of the party who offered them. *Gilchrist* v. *Bale*, 8 Watts, 355, and cases cited. See also 7 Gray, 1420.

2. Declarations are not admitted on the ground that the person making them might be a witness.

3. Nor will it do to say that Mary Bowers was not a party to the record. Declarations of the kind in question are admitted as the best, and sometimes the only proof of mental states and moral dispositions. 8 Bing. 376 ; 2 Hill, 257 ; 1 Greenl. Ev. sec. 102 : 1 Ohio St. Rep. 29 ; 7 Gray, 420 ; *Karnard* v. *Burton*, 25 Maine, 39 ; 2 Greenl. sec. 271, sec. 275 ; 1 Phil. Ev. (Edward ed.) 81, 181 ; 2 Espinasse, 562 ; 3 Gray, 374 ; 7 Cush. 581, 586 ; 10 Cush. 255.

4. It is no objection to the action of the court below, that the declarations admitted *happened* to recite real or pretended declarations of a party to the suit. The *object* of admitting them was legitimate ; the *incident* was quite inevitable.

5. There is no distinction between the antenuptial declarations of Mary Bowers and her declarations during coverture. It was material to the defendant in error to establish how much love he won, as well as how much love he lost. The

declarations before marriage show the love that led to mar-riage. It is often a presumption that a state of fact once proved, continues to exist. Will not the presumption of con-tinuance apply to love before marriage, at least until the honeymoon is over?

6. All that we need show is, that the declarations were contemporaneous with the state of feeling which they are designed to prove, and that that state of feeling is itself material to the injury complained of. 1 Phil. Ev. 81, 181.

7. The case of *Kidder* v. *Lovell*, 14 Penn. State, 214, should be compared with *Palmer* v. *Cook*, 7 Gray, 420, and the cases therein cited, especially among the latter, *Gilchrist* v. *Bale*, 8 Watts, 355. If it is to be considered as over-ruling the last-named case, it can not be good law.

II. There was no error in admitting Mrs. Preston's declara-tions..

They were the declarations of a conspirator, described as such in the petition, and they were in furtherance of the common design of the conspirators. As such, they were ad-missible, notwithstanding the relation of the person making them to one of the defendants. To exclude them, it should be affirmatively shown that there is no testimony tending to prove the conspiracy alleged.

III. There was no error in the action of the court in in-structing the jury during the *voluntary* absence of the coun-sel for plaintiffs in error. *Crusen* v. *State*, 10 Ohio St. Rep. 270.

BRINKERHOFF, J.—The plaintiff had a right to give in evidence the declarations of his wife made recently prior to the alleged seduction, in order to show the state of her feel-ings toward him at that time (1 Greenl. Ev. § 102; *Palmer* v. *Crook*, 7 Gray's Rep. 418); and inasmuch as her declara-tions, given in evidence in this case, were all made at a time shortly before the seduction alleged, we can see no good reason why a distinction should be taken between those made before and those made after the marriage. Before marriage, the plaintiff could have no legal claim upon the affections of

the woman he was courting; and if the object of giving her declarations in evidence had been to show that Griffin had been guilty of a wrong, her declarations made before marriage would, for this reason, as well as others, be inadmissible. But her declarations were admissible for no such purpose. They could be given only to show the state of her affections toward the plaintiff shortly prior to the alleged seduction, and we are not prepared to say that the intervention of a marriage between the parties so far alters the presumptions of fact arising from evidence of this kind, as to demand the exclusion of declarations made by her prior to the marriage, if they were made as recently prior to the alleged seduction as to give rise to the reasonable presumption of the continuance of the state of mind indicated by them up to the time of the alleged seduction.

The plaintiff had a right to give the declaration of his wife in evidence, to show the state of her affections toward him recently before the alleged seduction. But the exercise of a right and the abuse of a right are two very different things. The words and acts of the defendant, Griffin, reported by the wife to the husband, and detailed by him in evidence to the jury, were nothing but hearsay, and, in themselves, clearly inadmissible.

It is said in argument, however, that the declarations of the wife in regard to the state of her affections toward the plaintiff, were so blended with her report of the acts and declarations of Griffin as to render the separation of them impracticable. We do not think so. It seems to us there would have been no practical difficulty in a statement of those declarations of his wife which tended to express attachment to him, and at the same time withholding her report of the words and acts of Griffin. And we can not avoid the conviction, that while the plaintiff was claiming to give in evidence the declarations of his wife for a legitimate purpose, his real and primary object was to bring before the jury her statement of the words and acts of Griffin. In permitting this to be done, we are of opinion the court below erred.

In admitting testimony as to declarations made by Mrs.

Preston, wife of one of the defendants, we can not say that there was error. True, she is not now a party to the suit; yet she stands charged in the petition with being a conspirator with her husband and Griffin in committing the injury complained of. Her declarations which, so far as the record discloses, were given in evidence, certainly were not, in themselves alone, legitimate evidence against the defendants; those declarations having been made in the absence of the defendants, and never having been communicated to plaintiff's wife. The defendants being absent, no presumption of assent to or responsibility for her declarations, on their part, can exist; and never having been communicated to the plaintiff's wife, they could not have been instrumental in the furtherance of the conspiracy charged in the petition. If the evidence in respect to the conduct of Mrs. Preston stopped here, it was the duty of the court, if requested, to instruct the jury to disregard her testimony; and the presumption is that the court performed its duty in this respect. But Mrs. Preston being charged as a conspirator, it was competent for the plaintiff to make his charge in that behalf good by proofs; and having done so to the satisfaction of the jury, then other declarations of her's which might be given in evidence, as well as her acts, would become evidence against the defendants, *provided those declarations were made in furtherance of the common design*—tending to effectuate the object of the conspiracy—and so becoming not mere words, but verbal acts. *Fouts* v. *The State,* 7 Ohio St. Rep. 471. Now, the declarations of Mrs. Preston, given in evidence and excepted to, tended, in connection with other evidence which may have been given, to prove the conspiracy charged in the petition; and for this purpose they were competent. Whether such further evidence was given in the case as would make them finally relevant to the issue, we are not informed; for the bill of exceptions contains only a statement of detached portions of the evidence. And in the absence of any showing in the record to the contrary, it is to be presumed either that such further evidence was given,

·or that the jury were instructed to disregard the declarations of Mrs. Preston.

Under the circumstances disclosed in the bill of exceptions, there was no impropriety and no error in the fact that the ·court, at the request of the jury, gave them further instructions in the absence of plaintiff in error and his counsel. ·Crusen v. *The State*, 10 Ohio St. Rep. 258.

Judgment reversed, and cause remanded.

SUTLIFF, C. J., and PECK, GHOLSON and SCOTT, JJ., concurred.