[*Special Term, March,* 1869.]

## JOSIAH J. EMERY & CO. *v.* JOSEPH WHITAKER.

When the oral testimony seems to be exactly balanced, the allegations of the answer being put in evidence for the plaintiff, and being insisted by him before the jury as furnishing the preponderance of the evidence in his favor, on a verdict for defendant and a motion for new trial:

*Held,* that the answer of itself did not authorize the court to say that the verdict was decidedly against the weight of the evidence.

When the jury come out and ask instructions of the court, it is not error to give them further instructions of law correct in themselves in the absence of counsel, though no call of counsel at the court-house door is made. 1 Disney, 512, followed and approved.

*Hoadly, Jackson & Johnson,* for plaintiffs.

*Oliver & Ramsey,* for defendant.

HAGANS, J. The first ground taken for a new trial, is that the verdict is against the evidence. It is said admitting that the testimony of the plaintiffs and defendants was exactly balanced as to the material points in the case, that the structure and allegations of the answer in that material point, furnished for the plaintiffs in the testimony such a fact or circumstance as amounted to a preponderance that entitled them to a verdict. It will be remembered that this very matter was strenuously insisted upon at the trial, and argued and reargued to the jury. In truth it was one of the facts of the case submitted to the jury by the court; and the rule is well settled, that although the court might differ with the jury in its conclusions upon the testimony, *that* would furnish no sufficient ground for setting aside the verdict. I do not see, on consideration of the evidence, that the verdict is so decidedly against the weight of it as to authorize me to set aside the verdict.

The second ground for a new trial is, that there was irregularity in the proceedings, after the cause was submit-

ted to the jury, in this, that the jury came out and asked for additional instructions which the court gave and which counsel for the plaintiffs admits were correct, but insists that the necessary formalities were not observed. It is said the counsel should have been called at the door of the court-house three times in a loud voice, and *Preston* v. *Bowers*, 13 Ohio St. 1, is cited, which is very far from supporting such a practice. This court in *Melius & Co.* v. *Marsh*, 1 Disney, 512, correctly states the law. In the case at bar, the judge did precisely what the judge had done in the case in 1 Disney, 512, namely, plaintiffs' counsel was called and sent for into every court-room and office in the court-house, without finding him. Even that is not required by the Code, in cases where, as in this, the court is in session. It is only a matter of favor or discretion.

Motion overruled.