CASE 52—PETITION—OCTOBER 19.

## English's administrator v. Cropper.

APPEAL FROM CARROLL CIRCUIT COURT.

A SURVIVING WIFE IS A COMPETENT WITNESS in behalf of the administrator of the estate of her deceased husband, when she is not interested in the result of the suit, to prove facts which came to her knowledge during the life of her husband, but not by reason of her confidential relations with him as his wife.

JOSEPH BLACKWELL, . . . . . . . . . For Appellant,

CITED

5 Bush, 13, Nuthall's adm'r v. Brannin's ex'r.
1 Metcalfe, 598, Trabue's ex'r v. Harris.
1 B. Monroe, 224, McGuire v. Malona.
1 Metcalfe, 397, Short v. Tinsley.
Civil Code, section 670.

English's administrator v. Cropper.

MAJOR & FISHER, . . . . . . . . . . For Appellee,

CITED

Civil Code, section 670, subdivision 4.

1 Metcalfe, 401, Short v. Tinsley. ..

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the trial of this action against the appellant, as the administrator of James English, deceased, the defendant offered to read as evidence the deposition of Mrs. Betsey English, the widow of his intestate, to prove facts which came to her knowledge during the life of her husband, but not by reason of her confidential relations with him as his wife; but on the objection of the plaintiff the deposition was rejected by the court, and the principal question to be determined on this appeal is as to the correctness of that ruling.

It was sufficiently shown that the witness was physically unable to attend the court, and that, there being no personal estate of her late husband for distribution, and she having only her dower in the real estate, which could not be affected by a judgment against the estate, she was not interested in the result of the suit.

But the objection to the competency of her testimony seems to have been based on that part of section 670 of the Civil Code of Practice which declares, in effect, that husbands and wives shall be incompetent to testify for or against each other. It is contended for the appellee that, construing the provision of the Code referred to with a view to the obvious and well-recognized reasons of public policy, which before the adoption of the Code disqualified husbands and wives from testifying for or against each other, the same rule should still operate to exclude such testimony after the dissolution of the marriage by a divorce or the death of one of the parties.

But this we conceive to be a misapplication of the rule relative to confidential communications between husband and wife; and we are of the opinion that neither the literal import

of the language of the Code cited nor any principle of policy or propriety will exclude a surviving wife or husband from testifying to facts known by the witness from other means of information than such as result from the marriage relation, where, as in this case, the witness is not otherwise incompetent, although the testimony may relate to transactions of the deceased husband or wife (1 Greenleaf on Evidence, sec. 338); and this conclusion is not inconsistent with the principle decided in the case of Short v. Tinsley, &c., 1 Metcalfe, 397, to which we have been referred.

We are of the opinion therefore that the court erred in rejecting the deposition of Mrs. English.

Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

The Chief Justice did not sit in this case.