### WILLIAM CUNDIFF v. J. B. CUNDIFF'S ADM'R.

**Husband and Wife—Evidence.**
> A widow is competent to testify in a case between her husband's estate and others where it is not made to appear that the facts to which she testifies came to her by reason of her confidential relations with her late husband.

APPEAL FROM BULLITT CIRCUIT COURT.

May 4, 1876.

OPINION BY JUDGE PETERS:

Mrs. Gilley Cundiff was introduced as a witness on the trial. She was the widow of J. B. Cundiff and sued as his administratrix, with William B. Cundiff the administrator, and her evidence was excepted to by appellant on that ground. She proved that her husband was in possession of the watch, which was the subject of controversy, at his death and for some time previous thereto, and that he claimed it as his own. It does not appear from her examination whether the claim set up by her husband was made in a private confidential conversation made to her, or whether the claim was made to others in her presence and hearing. Appellant did not interrogate her on that point; and as it does not appear that the fact came to her by reason of her confidential relations with decedent as his wife, the evidence, unless that fact was shown, was competent. *English's Adm'r v. Cropper*, 8 Bush 292. Nor was the objection to the evidence of W. B. Cundiff well taken; he was competent under Chap. 37, Gen. Stats.

The law and facts were submitted to the court, and the same

effect must be given to the conclusion of the court as to the finding of a jury properly instructed. The evidence in this case was conflicting, and we are not authorized to interfere with the result.

Judgment *affirmed*.

*R. H. Field, R. J. Megler, for appellant.*

*Simmons & Stevens, for appellee.*