CHIEF JUSTICE.LINDSAY
delivered the opinion op the court.
Jack Elswick was indicted by the grand jury of Boyd County for the offense of grand larceny. The proof tended to show that the accused had taken possession of and sold certain iron bars, links, car-couplings, etc., the property of the Lexington & Big Sandy Railroad Co., Eastern division. *156 There was some evidence conducing to prove that the iron had been taken, kept, and sold in public, no attempt being made to conceal either of these acts, even from the officers, agents, and employees of the company.
The court was asked to instruct the jury that they might take this publicity into consideration in deciding the question of felonious intent on the part of the accused. This instruction was refused, and this is the first ground of complaint. The jury were told in the first instruction that they must be satisfied beyond a reasonable doubt that Elswick feloniously and with the intent at the time to wholly deprive the owner of its property, took, stole, and carried it away, before they could find him guilty. The legal definition of larceny was embodied in this instruction, and as the term “stole” has a well-defined general meaning, and is in no sense a technical or legal term, its use must have conveyed the idea to. the jury that a mere trespass was not sufficient to constitute the crime for which the prisoner was on trial. The instruction refused was not therefore essential to a fair and full presentation of the law of the case, and was objectionable, because it gave undue prominence to a particular phase of the transaction.
The accused offered as a witness Rebecca Elswick, and avowed he could prove by her certain facts that were clearly material to his defense. She was his wife at the time the circumstances, about which he desired her to speak, transpired; but the marital relation had since been dissolved by the judgment of a court of competent jurisdiction, and her knowledge of these circumstances did not come to her confidentially nor by means of her situation as his wife.
The court refused to permit her to testify, and we are asked to review that ruling.
In the case of English’s adm’r v. Cropper (8 Bush, 292) this court held that neither the Civil Code of Practice nor any principle of policy or propriety will exclude a surviving wife *157 or husband from testifying to facts known by the witness from other means of information than such as result from the marriage relation, where the witness is not otherwise incompetent, although the testimony may relate to transactions of the deceased husband or wife.
This conclusion is supported by the case of Short v. Tinsley (1 Metcalfe, 397) and by sec. 388, 1 Greenleaf on Evidence, and has since been substantially reaffirmed by the legislature by the enactment of sec. 24, chap. 38, General Statutes.
Information coming to a husband or wife in consequence or by reason of the existence of the marriage relation is to be treated as confidential, and the confidence which the law creates while the parties remain in the most intimate of all relations can not be broken even after that relation has been •dissolved. (1 Greenleaf on Evidence, sec. .337; 1 Phillips on Evidence, p. 75, 3d Am. ed.)
But the reason for this rule does not apply to facts known to a surviving or a divorced husband'or wife independent of the previous existence of the marriage. Accordingly in an action by a husband for criminal conversation with a wife from whom he had subsequently been divorced she was held to be a competent witness to prove the charge laid in the husband’s declaration. (Dickerman v. Groves, 6 Cushing, 308; see also Ratcliffe v. Wales, 1 Hill, 63.)
The exclusion of the witness in question was error, affecting prejudicially the substantial rights of the appellant.
Wherefore the judgment is reversed and the cause remanded ior a new trial on principles not inconsistent with this opinion.