JOHN DALTON v. JOHN DREGGE.

*Criminal conversation—Evidence.*

1. Testimony which is admissible for one purpose cannot be
   excluded because it tends to prove a fact which is inadmis-
   sible; citing *People v. Doyle,* 21 Mich. 221; *Cook v. Perry,* 43
   Id. 623.

2. It is the duty of the court to caution the jury carefully as to
   the purpose for which such testimony is admitted, and, when
   this is done, the jury must be presumed to have acted in
   accordance with the instructions.

3. The plaintiff in a *crim. con.* case may introduce in evidence
   letters written by his wife to the defendant, and received by
   him, under circumstances which refute any presumption of
   collusion between the wife and her husband, and which tend
   to show the alienation of her affections and the criminal
   intimacy charged.

4. That portion of a conversation between the plaintiff and his
   wife tending to show his feelings and conduct on receiving
   evidence of her infidelity is admissible as bearing upon the
   question of damages; citing *Hutchins v. Kimmell,* 31 Mich.
   126, 128.

5. Statements of the wife, made to her husband in the absence of
   the defendant, are not admissible as evidence of the defend-
   ant's guilt.

Error to Kent. (Adsit, J.) Argued January 30, 1894.
Decided March 6, 1894.

Case. Defendant brings error. Reversed. The facts
are stated in the opinion.

*Wesselius, Corbitt & Ewing,* for appellant.

*Smiley, Smith & Stevens,* for plaintiff.

GRANT, J. This is an action for criminal conversation,
in which the plaintiff had verdict and judgment.

The principal question is raised upon the competency of

the testimony of two of plaintiff's children to a conversation between their father and mother, in which the mother admitted that she was with the defendant in a room at a hotel two hours. This admission was made in reply to a charge from the husband that she had spent the entire night with the defendant there. It is unnecessary to give the entire conversation, the tendency of which was to show that the wife · had become estranged from the husband, that their amicable relations were broken up, the effect upon him, and also the admission of the wife, from which criminality might be inferred. Certain letters, written by Mrs. Dalton to the defendant, were also introduced, together with testimony tending to show that he had received them. The court admitted both the conversation and the letters to affect the question of damages. In this regard the court instructed the jury as follows:

"Certain letters and statements, said to have been written and made by Mrs. Dalton, have been admitted in evidence. I charge you that the letters offered in evidence, said to have been written by her, must be regarded only with reference to establishing the condition of the family relations of the plaintiff and his wife; and, further, that you have no right to consider them in any manner as evidence of a criminal act having taken place between the defendant and the plaintiff's wife, unless it has been established that they were received by him, and not only received by him, but read by him, and acted upon for the purpose of having criminal intercourse with the plaintiff's wife. The letters were not admitted in evidence for the purpose of showing, or tending to show, or in any manner tending to affect, the matters and things charged in the plaintiff's declaration, except to show the state of feeling existing between the plaintiff and his wife. The extent of the damages to be awarded, if any, depends on the previous relations of the husband and wife. If they were cordial and affectionate, his injury is greater than it would be if the contrary appears. *It is for this only that her letters and statements have been admitted in this case, and you should consider them only upon that point. They go only to the measure of damages, and should be only considered in that connection.*"

If the letters were admissible for the purpose stated, they could not be excluded because they tended to prove a fact which was inadmissible. *People v. Doyle,* 21 Mich. 221; *Cook v. Ferry,* 43 Id. 623. It is the duty of the court to caution the jury carefully as to the purpose for which such testimony is admitted. When this is done, the jury must be presumed to have acted in accordance with the instructions. It is manifest that this caution was given. *Willis v. Bernard,* 8 Bing. 376. In that case it is said:

"No doubt it renders the administration of justice more difficult, when evidence which is offered for one purpose or person may incidentally apply to another; but that is an infirmity to which all evidence is subject, and exclusion on such a ground would manifestly occasion greater mischief than the reception of the evidence."

See, also, *Trelawney v. Coleman,* 1 Barn. & Ald. 90; *Edwards v. Crock,* 4 Esp. 39; *Jacobs v. Whitcomb,* 10 Cush. 255.

We think the letters were admissible for both purposes. They not only tended to show the alienation of the wife's affections, but they also tended to show a criminal intimacy between her and the defendant. They were not hearsay statements, made by her to a third person, and for that reason objectionable. They were her own deliberate words, written to and received by the defendant under circumstances which refute any presumption of collusion between her and her husband. To sustain the objection would result in excluding conversations between her and the defendant showing illicit relations.

The part of the conversations between the plaintiff and his wife which tended to show his feelings and conduct on receiving evidence of her infidelity was admissible upon the question of damages. *Hutchins v. Kimmell,* 31 Mich. 128.

But we think her statement of her relations with defend-

ant was not competent. She could not be a witness against her husband to contradict them. As to the defendant, it was clearly hearsay. Plaintiff had, before this, received what he considered evidence of her guilt. It is too clear for argument that her admissions could not be received as evidence of the defendant's guilt. Unless, therefore, they were admissible for the purpose stated in the instructions, they should have been excluded. The effect upon plaintiff had been shown before the admission had been made; and, hence, there was no occasion for introducing her statement.

For this error the judgment must be reversed, and a new trial ordered.

LONG and MONTGOMERY, JJ., concurred with GRANT, J. McGRATH, C. J., concurred in the result. HOOKER, J., did not sit.