CASE 80.—ACTION BY MINNIE LEUCHT AGAINST BARBARA LEUCHT FOR ALIENATION OF HER HUSBAND'S AFFECTIONS.—October 8.

## Leucht v. Leucht

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for defendant.   Plaintiff appeals.—Affirmed.

1. Husband and Wife—Alienating Affections—Actions—Evidence. —In an action for the alienation of a husband's affections, evidence of statements by the husband to the wife and third persons, in the absence of defendant, indicating that defendant was trying to separate the wife from her husband, are hearsay and inadmissible.

2. Same.—In an action for the alienation of a husband's affections, the wife may show by the declarations and conduct of her husband, and by third persons, who could testify from their knowledge or from statements by the husband, the affectionate relations between them before the estrangement,

Leucht v. Leucht.

and his conduct and declarations indicating a loss of his affection.

3. Same.—In an action for the alienation of a husband's affections, declarations by defendant in the presence of the wife or other persons, manifesting a purpose to alienate the affection of the husband, or to cause a separation, are admissible.

4. Witnesses—Competency—Communications Between Husband and Wife—Admissibility—"'Communication."—In an action' for the alienation of a husband's affections, statements to the wife by the husband in the absence of any other person, indicating that defendant was trying to separate the wife and the husband, are within Civil Code Prac., section 606, forbidding either husband or wife to testify as to any communication between them during the marriage; the word "communication" embracing all knowledge on the part of one or the other, obtained by reason of the marriage relation, and which but for the confidence growing out of it would not have been known to the party.

5. Husband and Wife—Alienation of Affections—Actions—Evidence.—In an action for the alienation of a husband's affections, evidence that plaintiff had made a disrespectful remark about her husband was competent to prove the state of her feeling towards her husband, to illustrate the extent of her affection and the part she took in causing the loss of his affections.

FRANK M. TRACY for appellant.

CLASSIFICATION UNDER RULE XVII.

1. The court erred in permitting the contradiction of appellant on matters irrelevant and immaterial to the issue. (Kennedy v. Commonwealth, 14 Bush, 357; Loving v. Commonwealth, 30 Ky., 551.)

2. The court erred in refusing to admit proof of the divorce proceeding instituted by the husband against his wife.

3. The court erred in admitting the testimony of Charles Hardebeck.

4. The court erred in its construction of section 606 of the Code.

(a.) The Legislature intended to enact the common law rule and the Code should be construed in the light of the common law construction. (Greenleaf, section 254; 6 Ency. of Evd., 894;

Leucht v. Leucht.

Arnett v. Commonwealth, 114 Ky., 593; Shepard v. Commonwealth, 85 S. W., 191; 28 Ky. Law Rep., 376; Ditto v. Slaughter, 92 S, W., 2; 28 Ky. Law Rep., 1164.)

(b.) The Legislative purpose is entirely out of harmony with a construction excluding all communications between husband and wife. Statutes of other states identical in language with section 606 of our Code have been construed so as to express the common law rule. (Wigmore on Evidence, sec. 2336; Sexton v. Sexton, 129 Iowa, 387; Hardwick v. Hardwick, 130 Iowa, 230; Sackman v. Thomas, 24 Wash.,, 660; Hageman v. Wignett, 108 Mich., 194; In Re Van Alstine, 26 Utah, 198; Spivey v. Platon's Admr., 29 Ark., 605; Insurance Co. v. Shoemaker, 95 Tenn., 72; Stanley v. Stanley, 112 Ind., 143; Poulson v. Stanley, 122 Cal., 655.)

(c.) The exceptions mentioned in section 606 of the Code qualify the rule prohibiting husband and wife from testifying against one another and not the rule relating to communications between husband and wife.

5. Only confidential or marital communications are excluded under our Code.

(a.) Communications made in the known presence of third parties are not confidential. (Sessions v. Trevitt, 390 S. W., 267; Fay v. Guynon, 131 Mass., 31; Insurance Company v. Shoemaker, 95 Tenn., 72; Re Buckkman, 64 Vt., 314; Lyons v. Prouty, 154 Mass., 490; Long v. Martin, 152 Mo., 674.)

(b.) Mere business transactions cannot be considered privileged. (Dittoe v. Slaughter, 92 S. W. (Ky.) 2; Gordon Rankin Co. v. Tweedy, 71 Ala., 210; Gidding v. Savings Bank, 104 Iowa, 679; Cook v. Henry, 25 Wis., 570; Spivey v. Platon's Admr., 29 Ark., 605; Parkhurst v. Bardell, 110 N. Y., 222; Hageman v. Wignett, 108 Mich., 194.)

(c.) Mistreatment of wife by the husband cannot be considered privileged. (Seitz v. Seitz, 170 Pa. St., 71; Polsen v. State, 137 Ind., 524; Rudd v. Rounds, 64 Vt., 441; State v. Luper, 91 Pac. (Oregon) 444; Schmeid v. Frank, 86 Ind., 250; Yowell v. Vaugh, 85 Mo. App., 206.)

H. M. McLEAN for appellee.

## CONCLUSION.

The judgment of the lower court should be sustained, because there was no error committed:

1. In permitting appellee to prove by the workmen, Whitcomb,

Leucht v. Leucht.

Atkinson, and others, that appellant had herself paid them for work done for the family, thus showing, the confidence and trust confided in appellant by the husband in permitting her to handle and disburse the money of the household.

2. In excluding the record of the action for divorce by the husband. Appellant having failed to make the rejected record a part of the record of this case this court has nothing before it upon which to determine whether or not an error was committed.

3. In overruling appellant's objection to the testimony of the witness, Charles Hardebeck. Any testimony which tended to show the state of the wife's feelings toward her husband, was clearly admissible upon the measure of damages.

4. In excluding all testimony of wife of communications between husband and wife. This testimony was rightly excluded because: First, the Civil Code expressly provides, that husband and wife cannot testify as to any communication between them during marriage or afterwards; second, because our courts have held that "Any Communication" means in effect "All Communications;" third, because our Statute having expressly provided the exceptions as to which the privilege shall not apply, should be taken as excluding all other exceptions against the rule; fourth, because the construction placed upon section 606 of the Civil Code is supported by the weight of authority in other states, and is the only logical construction that could be placed upon the section; fifth, because the declarations sought to be testified to were narrations of past occurrences, and excluded under the rule against hearsay testimony; sixth, in limiting the use to which the declarations of husband to third parties might be applied.

AUTHORITIES CITED.

Greenleaf on Evidence, 16th ed., 443 B.—254; Wharton on Evidence, 3rd ed., 559, 259; Phillips on Evidence, 3rd ed., 189; sec. 606 Civil Code of Kentucky; Commonwealth v. Minor, 89 Ky., 555; Hilbert, Jr., v. Commonwealth, 21 Ky. Law Rep., 537; Arnett v. Commonwealth, 114 Ky., 596; Bright v. Commonwealth, 86 S. W., 527; 27 Ky. Law Rep., 677; State v. Luper, 91 Pac. 444 (Oregon); Manhattan Life Ins. Co. v. Beard, 66 S. W., 35; 23 Ky. Law Rep., 1747; Buckel, et al., v. Smith's Admr., 82 S. W., 235; 26 Ky Law Rep., 494; New York Life Ins. Co. v. Johnson, Admr., 72 S. W., 762; 24 Ky. Law Rep., 1867; Ency. of Evd., vol. 6, p. 894; Sackman v. Thomas, 24 Wash., 660; Hageman v. Wigent, 108 Mich., 192; Chattock v. Chattock, 134 Mich., 49; Van Alstine, 26

Utah, 193; Spivey, et al., v. Platon's Admr., 29 Ark., 603; Hanna-
ford, et al., v. Dawdly, et al., 86 S. W., 818; Insurance Co. v.
Shoemaker, 95 Tenn., 72; Brewer v. Ferguson, 30 Tenn., 565;
Atanley v. Stanley, 112 Ind., 145; Polson v. State, 137 Ind., 824;
Smith v. Smith, 77 Ind., 82; Schmeid v. Frank, 86 Ind., 250;
Higham v. Vanosdol, 101 Ind., 160; Poulson v. Stanley, Admr.,
122 Cal., 655; Emons v. Barton, 109 Cal., 663; Dolan v. Leary,
et al., 68 N. Y. S., 91; People v. Hayes, 140 N. Y., 484; State
Bank of Chatham N. Y. v. Hutchison, et al., 61 Pac , 443 (Kan.);
Chicago, Kan. & Neb. Ry. Co. v. Ellis, 52 Kan., 41; Godrum v.
State of Georgia, 60 Ga., 509; Dodge v. Rush, 28 App. D. C., 149;
Yokem by Guardian, &c., v. R. T. Hicks Admr., et al., 93 Ill.
App., 667; Leveridge, et al., v. Evans, et ux., 86 N. W., 283 (Iowa);
White v. White, et al., 112 N. W., 627 (Minn.); State v. Ulrich,
110 Mo., 364; Stiles v. State, 68 S. W., 993 (Texas); Robin,
et al., v. King, 2 Leighs Rep. Ct. App. Va., 140; Am. & Eng.
Ency. of Law, vol. 212, p. 99 (1st ed.); Greenleaf on Evidence,
vol. 1, sec. 110 (14th ed.); Westlake v. Westlake, 34 Ohio St.,
634; Derham v. Derham, 1225 Mich., 109; Huling v. Huling, 32
Ill. App., 520; Love v. Love, 90 Mo. App., 571; Stanley v. Stanley,
27 Wash., 574; Preston v. Bowers, 13 Ohio St., 1; Bryon Edgell
Lewis Francis, 66 Mich., 303; Billings v. Albright, 66 N. Y.
App. Div., 239; Hardwick v. Hardwick, 106 N. Y., 639 (Iowa);
Humphrey v. Pope, 82 Pac., 223; Williams v. Williams, 20 Col.,
52; Tenney v. Evans, 14 N. H., 343; Sessions v. Little, 9 N. H.,
271; Sexton v. Sexton, 105 N. W., 314 (Iowa 1905); Nevins v.
Nevins, 75 Pa., 492 (Kan.); Edgell v. Francis, 66 Mich., 303.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

This is an action by appellant, who was plaintiff
below, to recover damages for the alienation of her
husband's affections by the appellee, defendant below,
who was his mother. There was a judgment in favor
of appellee upon the verdict of a jury who found in
her behalf.

A reversal is asked for alleged errors of the court
in admitting and rejecting evidence. The rulings
chiefly complained of are, first, the exclusion of evi-
dence offered by appellant relating to statements made

Leucht v. Leucht.

made by the husband of appellant in the absence of other persons, which statements indicated that his mother was endeavoring to cause a separation between her son and his wife; and, second, the competency of statements of a similar character said to have been made by the husband of appellant in the absence of his mother to third persons, who gave evidence concerning them in behalf of appellant. In admitting the statements to third persons, the court instructed the jury in respect to them as follows: ''The jury is instructed that the declarations of Louis Leucht to third persons as testified to by said parties, not made in the presence of the defendant Barbara Leucht, were admitted, and are to be considered, solely for the purpose of showing the state of mind and feeling of the said Louis Leucht, if they do show such state of mind and feeling, and for the purpose of disclosing or explaining the motives influencing his action or conduct, if they do disclose or explain such motive; and they are to be considered by the jury for no other purpose.'' In our opinion the court correctly excluded the statements made to appellant by her husband, and erred to the prejudice of appellee in admitting the statements made by him to third parties, although the effect of this evidence was limited by the instruction. The statements made to appellant by her husband were incompetent, first, because they were made in the absence of his mother, and come under the head of what may be called ''hearsay'' evidence; second, because they are forbidden by subsection 1 of section 606 of the Civil Code of Practice, reading in part as follows: ''Neither a husband nor his wife shall testify while the marriage exists or afterwards, concerning any communication between them during marriage.'' The statements made by the husband to third parties

also come under the head of ''hearsay'' evidence, and
for this reason should have been excluded.   It was
attempted by the statements, not made in the pres-
ence or hearing of appellee, to fasten upon her the
offense of alienating the affections of her son from his
wife.   She may or may not have made to her son the
statements he repeated to his wife and other persons
as coming from her.   If she had been present when
they were told to the wife or others, she would have
had an opportunity to admit or deny them, and, of
course, have been bound by her declarations and
actions.   We know of no reason why an exception
should be made in cases of this character to the gen-
eral rule excluding ''hearsay'' evidence.   It was com-
petent for the wife to prove by the declarations and
conduct of her husband and by third persons, who
could testify from their knowledge or from statements
made by the husband, the affectionate relations that
existed between them before the estrangement; and his
conduct and declarations indicating a loss or with-
drawal of his affection.   And also proper to introduce
evidence of acts and declarations made by the defend-
ant to or in the presence of the plaintiff or other per-
sons manifesting a purpose upon her part to alienate
the affections of the husband or bring about a separa-
tion between them.   But there is a wide difference
between this evidence and that excluded and intro-
duced in this case.   The injustice of permitting the
plaintiff and third persons to relate statements alleged
to have been made to them by the husband in the ab-
sence of the defendant, and that purported to have
been made by the defendant to the husband, is appar-
ent.   The defendant had no opportunity to deny nor
explain them, as she was not present when they were
made, and could not have known anything about them,

Leucht v. Leucht.

or whether they were, in fact, related by the husband to these parties. It seems to us that it would be a flagrant violation of the established rules of evidence to permit the plaintiff to make out a case against the defendant under circumstances like these. If evidence of this character was admissible, a defendant would be helpless, in fact, almost denied the right to make a defense. Here the plaintiff's cause of action was rested upon the proposition that the defendant by her acts and declarations had alienated the affections of the plaintiff's husband, and she undertook to make out her case by relating statements purporting to have been made by the defendant to the husband and repeated by him to her in the absence of the defendant, and by declarations of third parties who related statements purporting to have been made to them by the husband that he said were made to him by the defendant. This is as striking an example of hearsay evidence as could be imagined. It would be difficult to conceive a case in which justice to the defendant more strongly demanded the exclusion of all this evidence. If a case could be made out upon evidence of this character, it would be an easy matter for designing or unscrupulous persons to present to a jury a state of facts that might induce them to return a verdict against the defendant. As said by Greenleaf in his work on Evidence, section 99, in speaking of this class of evidence: "Its extrinsic weakness, its incompetency to satisfy the mind of the existence of a fact, and the frauds which may be practiced under its cover combine to support the rule that hearsay evidence is totally inadmissible." The reason that would exclude this evidence when offered by the wife applies with equal force to the statements of third persons, who testified as to what the husband said to them. In neither case

would the defendant deny that the husband made the statements.

The Code provision forbidding either the husband or wife from testifying as to communications between them has been often construed. Among the cases holding that evidence of the character attempted to be made by the wife in this case was incompetent, we may notice as directly in point Manhattan Life Insurance Co. v. Beard, 112 Ky. 455, 66 S. W. 35, where the court said: "On the trial the widow of the deceased, the beneficiary under ·the policy, was permitted to testify to numerous conversations with her husband of facts learned from him and to the contents of letters written from one to the other. Under subsection 1 of section 606 of the Civil Code of Practice providing 'neither a husband nor a wife shall testify, even after the cessation of their marriage, concerning any communication between them during marriage,' all the foregoing testimony was incompetent.' To the same effect is N. Y. Life Ins. Co. v. Johnson, 72 S. W. 762, 24 Ky. Law Rep. 1867; Buckel v. Smith, 82 S. W. 235, 26 Ky. Law Rep. 494.

If the testimony offered by the wife as to what her husband told her, when no one else was present, was not a "communication" between them, we are at a loss to know what would be a "communication." It will be noticed that the Code prohibition is not against the disclosure of "confidential" communications; but, although the word "confidential" is not used, it was evidently the purpose to exclude only such communications as would naturally grow out of the marriage relation. As was said in Commonwealth v. Sapp, 90 Ky. 580, 12 Ky. Law Rep. 484, 14 S. W. 834, 29 Am. St. Rep. 405: "The word 'communication' therefore as used in our statute should be given a liberal con

struction.  It would not be confined to a mere state-
ment by the husband to the wife or vice versa, but
should be construed to embrace all knowledge upon the
part of the one or the other obtained by reason of the
marriage relation, and which but for which the con-
fidence growing out of it would not have been known
to the party.''  There might be communications be-
tween the husband and wife that it would be competent
for either to testify concerning, as when they were
made in the presence or hearing of third parties; thus
making it plain that they were not that character of
communications that the law will protect and prohibit
either party from disclosing.  So third parties may
testify as to conversation overheard by them between
husband and wife.  Commonwealth v. Everson, 96 S.
W. 460, 29 Ky. Law Rep. 760.  Another exception to
the rule is made in the Sapp case, supra, where it was
held that either could testify in a prosecution against
the other for an assault or attempt to do violence;
and yet another exception made in cases where the
husband or wife may testify to facts known to the
witness from other means of information than such
as result from the marriage relation or that come
to either of them independent of it.  Elswick v. Com-
monwealth, 13 Bush 155; English v. Cropper, 8 Bush
292.  Again, other exceptions are made in Shepherd
v. Commonwealth, 119 Ky. 931, 85 S. W. 191, 24 Ky.
Law Rep. 698, and Shipp v. Commonwealth, 99 S. W.
945, 30 Ky. Law Rep. 904, 10 L. R. A. (N. S.) 335.
But here the communication concerning which the wife
offered to testify was manifestly made to her by the
husband because she was his wife, and solely by virtue
of the marriage relation.  It does not fall within any
of the exceptions mentioned, nor those specified in the
Code of Practice.

Another error complained of is in permitting a witness to testify that he heard the plaintiff make a slighting or disrespectful remark about her husband. We think this evidence was competent. It was admissible to prove acts and declarations of the plaintiff that tended to show the state of feeling of plaintiff towards her husband, for the purpose of illustrating the extent of her affection for him, and the part she took, if any, in contributing to sever the marital relations or in causing her husband's affections to be alienated from her.

The other errors complained of are of minor importance; and, as they did not prejudice the substantial rights of the plaintiff, we do not deem it necessary to extend this opinion in discussing them.

The judgment of the lower court is affirmed.