ALFRED D. McGINNIS, Respondent, v. CHARLES W. McGLOTHLAN, Appellant.

Kansas City Court of Appeals, November 22, 1915.

**HUSBAND AND WIFE: Alienation: Evidence: Communications: Instruction.** In an action by the husband for alienating the wife's affections, private communications by the wife to the husband may be testified to by him to show the state of affection of the wife to the husband; but should not include statements by the wife of what the defendant did or said. Such evidence is admissible only to show the wife's state of affection and will not suffice to prove defendant's guilt, and the instructions should so caution the jury.

Appeal from Gentry Circuit Court.—*Hon. D. D. Reeves,* Special Judge.

REVERSED AND REMANDED.

*Ed. E. Aleshire* and *R. P. Duncan* for appellant.

*Wood & McCaslin* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted against defendant for damages for alienating the affections of his wife. On trial in the circuit court before a special judge he recovered judgment.

On the question presented under defendant's demurrer to the evidence we readily rule that the court was right in refusing it, since there was abundant evidence to justify the jury.

But there were objections to evidence admitted over defendant's protest that require serious consideration. Plaintiff was permitted to testify that his wife, when they were together alone, had, in effect, confessed to him, in answer to his questioning her, that her relations with defendant were improper and that she was in love with him. In many of the States the statute, in terms, prevents both the husband and wife from testifying for or against each other in regard to communications in private between them concerning their marital relations. [Leucht v. Leucht, 129 Ky. 700, 705, 708; Willey v. Howell, 159 Ky. 805; Sanborn v. Gale, 162 Mass. 412.] Our statute (Sec. 6359, R. S. 1909) confines itself to a restriction on the wife only. It reads that it does not permit "any married woman, while the relation exists, or subsequently, to testify to any admission or conversations of her husband, whether made to herself or third parties." The husband's competency to testify as to communications from the wife is left as at common law, as controlled by section 6354.

But it seems to be ruled in some jurisdictions that while evidence of what the husband or wife said to the other relating to matters connected with their domestic concerns may not be admitted as proof of the substantive fact of guilt of the accused party in an action for alienation, yet communications between them, though in privacy, may be received for the purpose of showing the state of feeling or affection for the plaintiff, even though this involves and includes

acts, conduct and declarations of the defendant. [Hardwick v. Hardwick, 130 Iowa, 230; Miller v. Miller, 154 Iowa, 344, 348.]

The point involves two considerations; one as to the right to show private communications between husband and wife relating to the defendant; and the other the right to show such communications when they consist of declarations of the defendant made in his absence. The better rule seems to be that in order to show the state of mind concerning the affections said to have been alienated, private communications between husband and wife may be shown, provided they do not include statements of what the defendant did or said. The latter, if allowed, could be artfully used to manufacture a case against an innocent person by mere hearsay.

We think this view is sustained by reference to the case of Fuller v. Robinson, 230 Mo. 22. Referring to a conversation between the plaintiff Fuller and his wife, in the presence of her mother, to show the state of her affections and her motive in making a trip to Toledo, Judge GANTT said: (p. 39) that "It will be noted that this conversation contained no reference to any word, act or conduct of the defendant." And at another place (p. 41) the Judge, approving the ruling in another case, says the evidence "was plainly not admissible because it was the declaration of a husband as to the acts and conduct of the defendant," etc. But it may be said as in Preston v. Bowers, 13 Ohio St. 1, 12, that the declarations of a wife in regard to the state of her affections towards her husband may be so blended with her statement of the acts of her seducer as to render their separation impracticable. The court did not think so. Saying "It seems to us there would have been no practical difficulty in a statement of those declarations of his wife which tended to express attachment to him, and at the same time withholding her report of the words and acts of Griffin."

In Rose v. Mitchell, 21 R. I. 270, the court said: "Admission of statement of plaintiff's wife, at the time she was found at defendant's house and not in his presence, as to the state of her affection for plaintiff and defendant. The affection of the wife being an element of the case, such statements are admitted as original evidence. [Jacobs v. Whitcomb, 10 Cush. 255; Preston v. Bowers, 13 Ohio St. 1; Greenleaf Ev., sec. 102.] The loss of affection may be proved in this way, but not the defendant's agency."

Turning to the record we do not find that the trial court permitted the evidence to take any wider scope than we have indicated would be proper. We do not find where plaintiff was permitted to testify to what his wife told him the defendant had said or done showing his guilty relations with the wife.

But there is an error which requires a reversal of the judgment. The evidence of what plaintiff's wife said should not have been received as proof of defendant's guilt. It was only admissible to show the state of her mind and affection. [Hays v. Hays, 242 Mo. 155, 271; Teckenbrock v. McLaughlin, 209 Mo. 533, 550.] It should have been offered for that purpose and the instructions should have cautioned the jury by so limiting it. [Hardwick v. Hardwick, 130 Iowa, 230, 233; Miller v. Miller, 154 Iowa, 344, 348.] Defendant's refused instruction No. 7 was intended to so limit the evidence. It is not happily worded, and on retrial should be made clearer, and more direct, yet, as written it calls the attention of the jury to the insufficiency of such evidence to establish defendant's guilt.

On another trial, in the circumstances of this case, it would be better to omit reference to the pleadings in the instructions.

The judgment is reversed and the cause remanded. All concur.