Doria Cabana *vs.* Alfred Olivo.

MAY 28, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. This is an action of trespass on the case with a declaration in three counts, the first and second being respectively based on alienation of the affections of the plaintiff's wife and on criminal conversation with her, and the third being a count on trespass for criminal conversation with her. At the conclusion of the trial in the superior court the jury returned a verdict for the plaintiff, on the declaration generally, in the sum of eight hundred dollars. The case is now before us on a bill of exceptions filed by the defendant and setting forth an exception to the denial by the trial justice of a motion for a new trial, based on the usual grounds, and some exceptions to rulings, by the justice at the trial, as to the admission of certain testimony.

The testimony was extremely conflicting and most of it that was favorable to the plaintiff was his own. He was the only one who gave any testimony that, if believed, showed, with any definiteness at all, that there had been any criminal conversation between his wife and the defendant. On the other hand, she denied that anything of the kind occurred and the defendant never admitted it. Both of them testified that what they did together was to go to dine-and-dance places and the like, and to dance and drink beer there and sometimes have some food. There was also much testimony that, if believed, showed that the plaintiff's wife had lost all love for him before the time when she first became acquainted with the defendant. She herself testified that she had entirely ceased to live with the plaintiff long before that time.

The trial justice, in his written decision on the defendant's motion for a new trial, stated in substance that there was grave doubt whether the plaintiff's wife had any affection for him, when the defendant appeared on the scene; but that the plaintiff was then legally entitled to her ser-

vices; and that the jury had found that the acts of the defendant deprived him of those services. He found the verdict reasonable both as to liability and in amount and therefore approved it.

The most definite testimony which went to the jury, and on which they may very well have wholly or mainly based a conclusion that there had been criminal conversation between the plaintiff's wife and the defendant, was testimony that was given by the plaintiff himself, and admitted by rulings of the trial justice against the objections of the defendant; and exceptions by the defendant to these rulings are before us, being the defendant's second, third, and fourth exceptions.

Just before this testimony was offered, the plaintiff had testified that about a week before the starting of this case he had received, about half-past two in the morning, a telephone message from a woman at whose house his wife was then staying, to the effect that his wife was very sick and wanted him to come over there and help her; that he went there and found her sick in bed and stayed with her through the night; and that the next day she told him what was the trouble with her.

Then followed the testimony which was put in against objections by the defendant, and to the rulings admitting which the defendant took the three exceptions above mentioned. This testimony was to statements then made to him by his wife that her trouble was the result of an abortion; that the defendant was responsible for her pregnancy; and that the defendant had agreed to take her and go with her for the operation.

In our judgment, the rulings admitting this testimony were all erroneous and seriously detrimental to the defendant. It is well settled that, in such a case as this one, it is proper to admit testimony to statements made by the wife, though not in the presence of the defendant, which merely show or tend to show what was her state of mind, at the

time, toward her husband the plaintiff or toward the defendant or toward both; but that statements made by her in the absence of the defendant are not admissible to prove any conduct by them together or any conduct by him.

Thus, in the article on "Husband and Wife" in 21 Cyc., it is stated at page 1631 "that in an action for criminal conversation confessions or statements of the wife relative to the guilt or innocence of defendant are not admissible either against him or in his favor." The rule is also well stated in 13 R. C. L. 1491, "Husband and Wife", § 543, where, on the subject of evidence in an action by a husband for criminal conversation with his wife, the text says: "The material issue in actions for criminal conversation is whether or not the adulterous intercourse was had, and it is well settled that the declarations of the wife, whether oral or written, unless authorized by the defendant, or expressly or implicitly assented to by him, are not admissible in evidence to prove the charge against him."

A similar rule as to actions for alienation of affections is stated in the same article at page 1478, § 527. This rule was recognized, by way of *dictum,* in the opinion of this court in *Rose* v. *Mitchell,* 21 R. I. 270. Twelve grounds were urged by the defendant in support of his petition for a new trial after a verdict against him in an action for alienation of the affections of the plaintiff's wife, and the fifth was dealt with by this court as follows: "5. Admission of statement of plaintiff's wife, at the time she was found at defendant's house and not in his presence, as to the state of her affection for plaintiff and defendant. The affection of the wife being an element of the case, such statements are admitted as original evidence. *Jacobs* v. *Whitcomb,* 10 Cush. 255; *Preston* v. *Bowers,* 13 Ohio St. 1; 1 Greenl. Ev. § 102. The loss of affection may be proved in this way, but not the defendant's agency."

The Ohio case cited fully supports both parts of this last sentence. The rule is also supported by the following,

*inter alia*: *Dodge* v. *Rush*, 28 App. Cas. (D. C.) 149; *Underwood* v. *Linton*, 54 Ind. 468; *Leucht* v. *Leucht*, 129 Ky. 700, 707, 112 S. W. 845; *Kohlhoss* v. *Mobley*, 102 Md. 199, 62 A. 236; *Dalton* v. *Dregge*, 99 Mich. 250, 58 N. W. 57; *Cochran* v. *Cochran*, 196 N. Y. 86, 89 N. E. 470; *Westlake* v. *Westlake*, 34 Ohio St. 621, 634.

In the instant case the alleged statements by the wife had no real bearing on the state of her mind at the time toward either of the parties, but were only relevant to the past conduct of the defendant. Therefore the husband's testimony to them was clearly inadmissible, being merely hearsay of the most objectionable character. Its admission was seriously prejudicial to the defendant. It is true that later the plaintiff, without objection by the defendant, testified, as to the same occasion, that his wife told him that her suffering was the result of an operation that she had had the night before by a certain man. But he did not testify then as to any statement by her as to the reason for the operation or as to any connection of the defendant therewith. The wife, in her testimony, denied that she had been pregnant at that time or had had any operation or had made any such statements to the plaintiff as he had testified to.

As the rulings which we have found to be erroneous and prejudicial to the defendant require that a new trial of the case be ordered, we see no good reason for discussing the other exceptions relied on by the defendant.

The defendant's second, third and fourth exceptions are sustained and the case is remitted to the superior court for a new trial.

*Robinson & Robinson, Joseph E. Adelson,* for plaintiff.

*Charles A. Kiernan, John J. Cosgrove,* for defendant.