## STURTEVANT ET AL. *v.* STURTEVANT.

*Alienation of affections — Petition states sufficient facts, when — Legal malice must be established, when — Preponderance of evidence — Charge to jury.*

1. In an action by a wife against the parents of her husband to recover damages for the alienation of the affections of her husband, a petition alleging that the parents told the son "he had been deceived by plaintiff and that she was not a proper and suitable person to be his wife, and maliciously spoke of and concerning the plaintiff in the presence and hearing of their said son many other false and untrue words," avers facts sufficient to apprise the defendants of the nature of the charge, without further detail.

2. In such an action it is necessary to prove legal malice, which may be established and shown by a preponderance of the evidence, and such malice may be inferred by the jury from the facts and circumstances of the case and from the conduct of the parties.

(Decided January 16, 1918.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. W. H. Boyd,* for plaintiffs in error.
*Mr. Frank C. Scott* and *Mr. Eugene Quigley,* for defendant in error.

GORMAN, J. In the court of common pleas of Cuyahoga county the defendant in error, Florence Elizabeth Sturtevant, recovered from the plaintiffs in error a verdict and judgment in the sum of $15,000. In her petition she claimed that the plaintiffs in error, who are her father-in-law and her mother-in-law, alienated the affections of her husband, James W. Sturtevant, Jr., causing him to abandon her. The case was tried at great length and very bitterly contested.

It is claimed by the plaintiffs in error that there is error apparent upon the face of the record, which requires a reversal of the judgment entered upon the verdict.

It is first claimed that the court erred in over-ruling defendants' motion to make the petition more definite and certain. The petition of the plaintiff set out that the defendants "without any just cause or provocation therefor, and for the purpose of causing said James William Sturtevant, Jr., to become disgusted with plaintiff and alienated in feeling and affection for her and also for the purpose of causing him to desert and leave her, from the time they learned of said marriage until the 11th day of January, 1916, conspiring together for the purposes aforesaid. wrongfully and maliciously, in the presence of their son, treated the plaintiff with great contempt and falsely and maliciously told him that he had been deceived by plaintiff and that she was not a proper or suitable person to be his wife, and maliciously spoke of and concerning the plaintiff in the presence and hearing of their said son many other false and untrue words, promising to reward him financially if he would leave plaintiff, and threatening to withhold financial aid from him if he continued to live with her."

Above is in substance the charge of the wrongful acts of the defendants. The motion to require the plaintiff to make definite and certain was overruled, and an answer to the petition was thereupon filed. The purport of the motion was that the plaintiff make her petition more definite and certain, by stating when and where the defendants, or

either of them, told the plaintiff's husband that he had been deceived by the plaintiff and that she was not a proper and suitable person to be his wife; and, further, that it state in just what respect defendants or either of them said that plaintiff's husband had been deceived, or, and in what way, plaintiff was not a proper and suitable person; and the motion further asked that the plaintiff be required to make her petition more definite and certain by stating what other false and untrue words the defendants or either of them spoke of and concerning plaintiff in the presence and hearing of their son.

It is claimed that this motion should have been granted upon the authority of *The New York, Chicago & St. Louis Rd. Co.* v. *Kistler,* 66 Ohio St., 326; *Mehrhoff* v. *Mehrhoff et al.,* 26 Fed. Rep., 13, and *Mead* v. *Hoskins et al.,* 6 N. P., 522.

We have examined these authorities and are unable to see wherein they support the claim of plaintiffs in error that their motion should have been granted. We think the averments of the petition are sufficient to apprise the defendants below of the nature of the charge, and that it was not necessary for the plaintiff to set out the time and place these matters were spoken of and concerning the plaintiff.

The case most strongly relied upon by counsel for plaintiffs in error is *Mead* v. *Hoskins, supra.* But a reading of the petition passed upon in that case will disclose an absence of any averment of fact and merely a statement of conclusions of law. Judge Jones, in passing upon the motion to make

definite and certain, states that the averments of the petition merely state conclusions of law.

We find no error in the court's ruling upon the motion to make definite and certain.

Next, it is claimed that the verdict and judgment are not sustained by sufficient evidence, are against the weight of the evidence, and are contrary to law.

An examination of the record will disclose that there was sufficient evidence on which the jury could base a verdict for the plaintiff below and against the defendants.

It would be a work of great labor to set out or attempt to set out a summary of the evidence. which was brought before the court in the trial of the case below. We think it can not be fairly said that there was not sufficient evidence upon which the jury were warranted in basing their verdict against the defendants below. Furthermore, it is not apparent that the verdict is so manifestly against the weight of the evidence as to warrant this court in setting aside the judgment and verdict upon the ground that they were against the weight of the evidence. The trial court, having heard the evidence and seen the witnesses face to face, was in much better position to determine whether or not the verdict was against the weight of the evidence than is a reviewing court. After due consideration he having refused to set aside the verdict on the grounds that it was manifestly against the weight of the evidence, we feel that this court under a proper review of the case should not on the state of the record hold to the contrary.

Thirdly, it is claimed that the court erred in the admission and exclusion of testimony.

Counsel for plaintiffs in error in his brief (page 32) cites several pages of the record on which he says the court erred in admitting and excluding evidence. No particular testimony is pointed out which it is claimed was erroneously admitted or excluded, but the general claim is made that on certain pages of the record it would appear that the court erred in admitting and excluding evidence.

This court has read the record for the purpose of determining whether or not any error was committed, and while there may be error in the admission and exclusion of evidence, nevertheless we are satisfied that these errors were immaterial and not prejudicial to the plaintiffs in error.

The most serious claim by plaintiffs in error is that the trial court erred in his charge to the jury in failing to state that the plaintiff in order to be entitled to a verdict should be required to prove malice on the part of defendants in error, by clear and convincing evidence.

The court charged upon the question of malice that it would have to be established by a preponderance of the evidence, and in so charging we find that the court committed no error. This was an action in tort, similar to actions for malicious prosecution, for libel and slander, for false arrest and other kindred torts involving the question of malice. The gravamen of the case was the malicious conduct of the defendants below in alienating the affections of the plaintiff's husband. We have been unable to find any case in which it has been

held in this state that malice in an action in tort must be established by clear and convincing evidence. The ordinary rule in a civil action is that the plaintiff must establish the facts necessary to entitle him to a verdict, by a preponderance of the evidence. This is the rule in cases of libel and slander, malicious prosecution and other kindred actions in tort. The malice referred to and made the gravamen of the action in this case is not necessarily actual malice, but malice in law. And in cases of alienation of affection the supreme court, in the case of *Westlake* v. *Westlake,* 34 Ohio St., 621, laid down the rule that "The acts of the defendant that caused the alleged injury [alienation of affections] must have been malicious."

On page 634 of this case the supreme court, speaking through Gilmore, C. J., says:

"Did the court err in refusing to charge that, to entitle the plaintiff to recover, the defendant must have maliciously caused the separation of the husband and wife?

"This charge ought to have been given. The term malice, as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant, or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another. 11 Serg. & R. 39, 40. If the conduct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, which was a question for the jury, malice in law would be implied from such conduct, and the court should have so charged."

In the case of *Flandermeyer* v. *Cooper,* 85 Ohio St., 327, the supreme court, in the third paragraph of the syllabus, says:

"Hatred, ill will or actual malice towards the injured party is not a necessary ingredient of legal malice as applied to torts, nor is it necessary that the act complained of proceed from a spiteful, malignant or revengeful disposition. If it be wrongful, unlawful and intentional and the natural and probable result of the act is to accomplish the injury complained of, malice is implied."

The case was an action for damages by the wife for injuries done to the husband, and on page 348 of the opinion, Judge Donahue, commenting upon the question of malice, said:

"If the conduct of the defendant was intentional and wrongful and without any just cause or excuse, malice would be implied."

He then quotes the language from *Westlake* v. *Westlake, supra,* which we have above set out.

We have carefully considered the cases cited by counsel for plaintiffs in error, viz., *Hutcheson* v. *Peck,* 5 Johnson's Rep. (N. Y.), 196, and *Hossfeld* v. *Hossfeld,* 188 Fed. Rep., 61, but are unable to see wherein these cases support the claim of plaintiffs in error that it was the duty of the court to charge the jury that the plaintiff must establish by clear and convincing evidence malice on the part of the defendants below.

We hold that in an action for the alienation of affections it is necessary to establish legal malice, but that this malice may be established and shown by a preponderance of the evidence, as it may be shown in any other action in tort involving the

question of malice, and that malice may be inferred by the jury from the facts and circumstances of the case and from the conduct of the parties. We do not think there was error in the court's charging that the malice in this case should be shown by a preponderance of the evidence; but, if we were mistaken upon this point, nevertheless it appears from the record that the defendants below made no special request to the trial court to charge that malice must be established by clear and convincing evidence, but, on the contrary, in several special charges requested by the defendants below, and given by the court, counsel put themselves on record in favor of the rule that the plaintiff would have to establish her case by a preponderance of the evidence.

In the first special charge requested by counsel for defendants below and given by the court the language is:

"The plaintiff is not entitled to a verdict in this case unless you find *by a preponderance of the evidence* that her husband loved her and would have continued to live with her except for what the defendants actually did or said."

And in the second special charge the substance of the language is that plaintiff is not entitled to a verdict in this case unless you find *from a preponderance of the evidence* that what the defendants did and said was the controlling cause of the son's leaving the plaintiff.

And in the fifth special charge the language in substance is that defendants are not liable to plaintiff "even if you find *by a preponderance of the evi-*

*dence"* that they encouraged their son to leave her, etc.

It would appear, therefore, that even though defendants' contention were correct in regard to the rule to be applied as to malice in a case of this kind, nevertheless, by reason of their failure to ask for a special charge of this character, and by reason of the fact that in their own special charges counsel requested the court to charge that plaintiff had to establish her case by a "preponderance of the evidence," we think it does not lie in the mouth of counsel for plaintiffs in error to claim that the court committed error in charging the jury, when the charge was largely in accordance with his request.

We find no errors in the record prejudicial to the plaintiffs in error which would warrant us in reversing the judgment.

While the verdict in this case is a very large one and might be complained of as being excessive, nevertheless plaintiffs in error do not make any point of the verdict being excessive, but claim only that there was not sufficient evidence to warrant any verdict and that the verdict is against the weight of the evidence.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

JONES, P. J., and HAMILTON, J., concur.

Judges of the First Appellate District, sitting in place of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.