No. 629

JONES v. FIELDS, et

Ohio Appeals, 5th Dist., Knox Co.

No. 247. Decided Dec. 22, 1926.

(Before Lemert, J., of the Fifth District, and

Allread and Ferneding, JJ., of the Second District, sitting by designation).

**313. CORPORATIONS—Formal action of Board of Directors of commercial or trading company, not required to authorize or validate execution of guaranty on behalf of Company.**

**396. DIRECTED VERDICTS—On motion to instruct verdict, evidence must be construed favorably to submission of case to jury.**

First Publication of this Opinion

ALLREAD, J.

This action, by Sadie and Joseph Fields against G. H. Jones, arose out of the giving of the following written guaranty:

"Mt. Vernon, Ohio, July 7, 1923.

If the Mt. Vernon Rubber Company fails to operate and make tires in nine months from this date the Company shall pay the sum of $300.00, back to Joseph Fields and wife, the money that was advanced for the operation of the Mt. Vernon Rubber Company.

(Signed) The Mt. Vernon Rubber Co.

By Geo. H. Jones.

The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

This guaranty was given in connection with the payment of a stock subscription note and it is agreed that the Company did not operate as provided in the guaranty.

There was some evidence tending to prove that at the time the subscription was taken and the note given substantially the same representations were made to plaintiffs by the agent who took the subscription. When plaintiffs arranged to pay the note, the payment was made to Mr. Jones and the guaranty above set out was given. The money received by Mr. Jones was paid to the Company and went into the Company treasury. No part of it was retained by Jones or was afterwards received by him.

The written guaranty, upon its face, does, does not purport to obligate Jones individually. Jones would therefore be liable only upon proof that it was signed by him without authority. The petition charges that Jones was not authorized, and, at the conclusion of all the evidence, the trial court instructed a verdict for plaintiff for the amount claimed.

The learned trial Judge evidently took the view that some formal action of the Board of Directors was required to authorize or validate the execution of the guaranty on behalf of the Company. We are of opinion that a more liberal doctrine in favor of the officers and directors of a commercial or trading company should be applied.

The evidence tends to show that Jones brought the subject matter of this guaranty, either before or immediately after its execution, before the other members of the Board of Directors who were then informally considering the business of the corporation, and secured authority to execute the contract, or the ratification thereof, by the directors, together with acceptance of the funds, so received.

The rule is well settled in this State that upon a motion to instruct a verdict, the evidence must be construed, favorable to the submission of the case to the jury, and it is only when all the evidence and all reasonable inferences therefrom favor the instructed verdict that the case can be taken from the jury and decided by the court. The testimony of Jones, favorably construed, tends to support his contention that he was authorized to execute the contract of guaranty or that such contract was duly ratified.

Under the state of the evidence we think the trial court erred in instructing a verdict for the plaintiffs.

A motion was made by the defendant for an instructed verdict in its favor.

While the testimony of Jones was favorable upon the issue as to whether he had authority to execute the guaranty, there was, we think, evidence to the contrary. The director who took the subscription was called as a witness for the plaintiff and he denied that the subject of this guaranty was ever brought before an informal meeting of the directors at which he was present, and denied that at the time of taking the original subscription he made the representations that were afterwards included in the written guaranty. This would therefore raise a conflict of evidence upon material features of the case.

We are therefore of the opinion that the trial court properly overruled the motion of the defendant for an instructed verdict in his favor.

Judgment of Court of Common Pleas instructing verdict for plaintiff overruled.

(Lemert and Ferneding, JJ., concur).

Attorneys—R. L. Carr, Cleveland, for Jones, F. O. Lovering, Mt. Vernon, for Fields, et.