**LEFFERSON et, Plaintiffs-Appellants, v. BURNETT et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2214.   Decided December 5, 1952.

Robert J. Stoecklein, Dayton, for plaintiffs-appellants.
Harshman & Young, Dayton, Joseph H. Colvin, of Counsel, for defendants-appellees.

## OPINION

By HORNBECK, PJ:

This is an appeal from a judgment of the Common Pleas Court in favor of the defendants on their motion for a judgment notwithstanding the verdict.

The action was for damages claimed to have resulted to the plaintiffs by reason of fraudulent representations made to them by defendants and upon which they relied.

Plaintiffs had purchased a house and lot of defendants for which they paid $19,500.00. During the negotiations leading up to the sale of the property plaintiffs allege that the defendants represented:

"that the house had an ample and lasting water supply sufficient and fit for all household needs and sufficient and fit for watering the lawn and flowers around the house, and that said water supply was provided from a well existing upon said premises. Defendants further represented that said well was in good condition and approximately 105 feet deep;"

There are other representations pleaded which because of the state of the record may not now be considered. It appeared that the defendants had owned the premises about 10 years prior to the sale. The deed was made on September 12, 1950. Defendants continued to live in the premises until September 27 when they vacated them and on October 4, 1950 plaintiffs moved in. It is further alleged that the representations of defendants concerning the sufficiency and continuity of the water supply and the depth and condition of the well were false and that defendants knew or should have known that said representations were untrue.

At the conclusion of plaintiffs' case, motion of defendants for a directed verdict was overruled as was such motion at the end of the whole case. The Court submitted the case to the jury which returned a verdict for plaintiffs in the sum of $964.80.

There is but one question presented on this appeal, namely; did the Court err in sustaining the motion for judgment notwithstanding the verdict? The entry on the motion does not

state upon what ground it was sustained. However, an examination of the motion seems to indicate that there were three grounds:

(1) Failure of the evidence to prove that the representations made to the plaintiffs by the defendants, or either of them, were false.

(2) If the representations were shown to be false the plaintiffs failed to prove that they were known by the defendants to be false or were made by the defendants without actual basis or in reckless disregard for the truth.

(3) That proof of insufficiency of water supply was predicated on an inference upon an inference.

We state some well known principles controlling the action of the trial judge upon a motion to direct a verdict or on a motion for judgment notwithstanding the verdict. Upon either of such motions the trial judge must not only assume the truth of the evidence in behalf of the party against whom the motion is directed, **Wells v. Van Nord, 10 Oh St 101,** but must construe evidence most strongly in favor of that party, **Gibbs v. Girard, 88 Oh St 34,** or construe it in the most favorable light to said party of which the evidence is susceptible. **New York Central Railroad Co. v. Krofta, 125 Oh St 126.** It is only when no evidence has been introduced by the plaintiff tending to support the issue, that is, when on the evidence and no reasonable inference therefrom favor the instructed verdict, that the case can be taken from the jury. **Jones v. Fields, 5 Abs 563.** In general, if different inferences can be drawn from the evidence questions of fact are presented for the jury. If recovery can be based only upon one inference predicated upon another inference the inference thus raised is not sufficient to carry the case to the jury. **Sobolovitz v. Lubric Oil Co., 107 Oh St 204; St. Marys Gas Co. v. Brodbeck, 114 Oh St 423; Thomas v. Black, 118 Oh St 412.**

The foregoing principles are particularly applicable to test the correctness of the action of the trial judge in sustaining the motion upon the theory that the inadequacy of water supply was proven only by an inference upon an inference.

The defendants moved from the premises on the 27th of September. The plaintiffs moved in on the afternoon of the 4th of October which was the 8th day thereafter. That evening they used a little water although no baths were taken. The next morning, the 5th, Mrs. Lefferson discovered that no water was available in the house, called her husband and the next day R. J. Studer, a master plumber, was called. Mr. Studer was widely experienced and made a determined effort first to get the pump which was in the well to produce a flow

of water. In this he was unsuccessful. He then placed a new pump into the well and was able to draw water therefrom only in small quantities and for a limited time. He made a complete and exhaustive investigation of the well, the casing, and the pump and gave the jury the benefit of his conclusions. He withdrew the pump, and the bottom part of the pump including the jet was offered as an exhibit. Without stating in detail the testimony of Mr. Studer, he concluded that the bottom of the old pump was so encrusted with foreign matter as to prevent any substantial amount of water being brought into it by suction and that the same condition clogged the jet of the new pump which he put into the well. He stated that the cause of the foreign matter in the water was electrolysis resulting from the grounding of a wire on the casing in the well. He concluded that the result which he observed was not brought about suddenly but gradually and probably over a long period of time, that the condition which he described would have been apparent for a long time prior to the date of his examination of the well. He explained that the ability to get water on the afternoon of the 4th of October probably resulted from a full tank of water which may have gradually been pumped into the tank. He also stated that the electrolysis which he found in the well could not have occurred within a week or 10 days. He also stated that from the condition of the pipe as he found it the operation of the pump in the well would have been cut down 75% of its capacity for a period of one or two months prior to his examination.

In our judgment the testimony of the plaintiffs and of the plumber was conclusive to the effect that the water supply on the 5th of October was wholly inadequate. The substantial question is whether the knowledge of defendants of this condition is proven without an inference on an inference. We are of opinion that it required but one inference to support the conclusion that, if the testimony of the plumber is true, the defendants must have known of the inadequacy of the supply of water from the well as it existed at the time of their representations to the plaintiffs. The plumber testified as an expert and if the jury accepted his conclusion this was a fact established by direct and substantive testimony. It should not be necessary to labor the point that if the well was in the condition testified to by the plumber its effect on the supply of water must have been known to the defendants and would have precluded its use to the extent to which defendants testified it had been used.

Of course, it is understood that upon the question raised on this appeal we are giving no consideration whatever to the defensive testimony which the jury had the right to resolve

against the evidence of the plaintiffs. Plaintiffs testimony was of sufficient probative effect to require the submission of the question of the knowledge of the defendants of the inadequacy of the water supply to the jury.

It is urged that there is insufficient proof of the representations as averred and if made of their untruth.

Without discussing the testimony at further length we are satisfied to say that upon the testimony of the plaintiffs, the representations substantially as averred were shown to have been made.

The case of **Drew v. Construction Co., 140 Oh St 1,** is applicable to the facts here. In the cited case the false representations upon which damages were sought referred to a water supply, that it was ample for all household purposes; that it was inexhaustible, good for all time, plenty of water. It is contended by appellees that these representations were broader and different than those in the instant case. However, they differ only in degree and in particulars are like unto those asserted here.

Judge Matthias speaking of the representations said:

"The evidence proffered in this respect indicated positive statements of a fact with knowledge of the situation on the part of the plaintiff, and not the expression of a mere opinion or belief."

So, here, it is obvious that if the statements alleged were made by the defendants they were positive statements of fact, the truth or untruth of which was known to them. The Court held in the cited case that evidence in support of the statements as pleaded was competent and should have been admitted.

Upon a careful reading not only of the testimony of the plaintiffs but the whole record, we are convinced that the trial court erred in sustaining the motion for judgment veredicto non obstante.

Upon the whole case there developed a substantial and marked conflict upon material issues but this situation is not involved on this appeal.

The judgment will be reversed and cause remanded.

WISEMAN and MILLER, JJ, concur.