WALLEN, APPELLEE, *v.* GORMAN, APPELLANT.

(No. 599—Decided April 16, 1960.)

*Messrs. Peterson, Neatherton & Peterson*, for appellee.
*Mr. Marshall J. Massie*, for appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas rendered on a jury verdict in favor of the plaintiff in an alienation of affections action for the sum of four thousand ($4,000) dollars.

The facts of the case will be disclosed during a discussion of the assignments of error, the first of which is that "the court erred in overruling defendant's motion for a directed verdict and for judgment notwithstanding the verdict."

In considering this assignment of error, it is well to remember that "the trial judge must assume the truth of the evidence in behalf of the party against whom the motion is directed and must construe all the evidence most strongly in favor of that party." *Lefferson* v. *Burnett*, 69 Ohio Law Abs., 28, 123 N. E. (2d), 533.

Turning then to the evidence, we find that the plaintiff and her husband were married in April 1946; that they lived together as husband and wife until January 1958; that they were still married at the time of trial in March 1959; and that seven children were born of the marriage, of which five are living and two are deceased. The plaintiff testified that her husband showed her love and affection, treated her nice, and provided a home, food, clothing and fuel for his family until the latter part of 1957.

Further testimony discloses that plaintiff's husband and defendant were seen together at various times and places; that they went to Kentucky together over Labor Day, 1957; that defendant picked him up at his place of employment at various times; that she drove near his home and "honked" to attract his attention on various occasions; that his car was parked at defendant's boarding home on numerous occasions; that defendant was observed seated on the lap of plaintiff's husband at her home; that defendant knew plaintiff's husband was married; that plaintiff's husband moved to defendant's boarding home a few weeks after the separation from his wife; and

that plaintiff's husband occupied a room thereafter in defendant's apartment.

Without further discussion of the testimony, we are satisfied that the case was properly submitted to the jury. The first assignment of error is overruled.

The controversy giving rise to the second assignment of error occurred during the following direct examination of the plaintiff:

"Q. And directing your attention to that day, was there any conversation between you and your husband concerning this defendant? A. Yes,—

"Mr. Massie: Object, Your Honor.

"* * *

"Mr. Massie: It is our position further that any testimony along this line where the defendant is absent falls strictly within the purview of the hearsay rule and is inadmissible for that reason.

"Mr. Neatherton: If you will likewise let the record show that the purpose for plaintiff's counsel propounding the question is to introduce the evidence showing solely the state of feeling existing between them prior to the alleged alienations, and is not asked for the purpose of showing abandonment nor any reason as to why he left the plaintiff for the defendant.

"Now, will you answer the question, Mrs. Wallen? You did have conversation concerning the defendant? A. Yes, we did.

"Q. Now, will you tell the court and jury what your conversation was at that time? A. Well, I asked him if he loved her and he said he certainly did not. He said I love you but I am indebted in the state of Ohio and I cannot leave here until I pay what I owe. He said if I had my indebtedness paid, I would prove to you that I really love you, that we would leave here and never be seen here any more.

"Q. It was on Christmas day of 1957? A. Christmas day, it sure was."

The plaintiff, appellee herein, contends that any possibility of error was not preserved by a specific objection to the final answer elicited from the witness. This contention, however, appears vulnerable. Although it is a well-established general

rule that a reviewing court will only consider such alleged errors as are preserved by objection (3 Ohio Jurisprudence (2d), 38, Section 185), the colloquy which immediately preceded the final question in the instant controversy leaves no doubt that the question of admissibility was properly called to the attention of the court and saved for purposes of review. But, regardless, the trial court was not without support in admitting the testimony. The general rule is that evidence of the declarations and conduct of the plaintiff's spouse, and of circumstances showing the state of mind of such spouse and the feelings and relations between the spouses is admissible in evidence, in behalf of a plaintiff in an alienation of affections suit. 27 American Jurisprudence, 154 and 162, Sections 554, 556 and 561. See, also, annotation, 36 A. L. R., 1068. The same rule has been applied in Ohio. *Preston* v. *Bowers*, 13 Ohio St., 1, 82 Am. Dec., 430. And, more recently, the same rule was applied by this court. *Crist, an infant,* v. *Crist,* 43 Ohio Law Abs., 170, 62 N. E. (2d), 252. The rule is stated as follows in 28 Ohio Jurisprudence (2d), 280, Section 156:

"In an action for alienation of affections, a declaration or communication between the husband and wife is not subject to exclusion as a confidential or privileged communication, within the prohibition of RC Section 2317.02 (GC Section 11494), where the purpose of introducing the evidence is to show the state of feeling existing between them prior to the alleged alienation."

The defendant, appellant herein, strongly urges the case of *Westlake* v. *Westlake,* 34 Ohio St., 621, 32 Am. Rep., 397, in support of her position. The facts of that case are quite meager on the question of admissibility of evidence, but it does appear therefrom that the plaintiff was permitted to testify as to matters relating to words and acts of the defendant rather than to matters relating to the feelings or state of mind of the plaintiff and her husband. Perhaps better authority is available to the defendant from the fact that alienation of affection suits are not specifically excepted from the operation of the privileged communication statute (Section 2317.02, Revised Code). But even if we were to decide that the admission of the questionable testimony was error, it does not necessarily fol-

low that the rights of the defendant were prejudiced thereby. (Section 2309.59, Revised Code.) The testimony was for the purpose of showing the feelings of the husband before the alleged alienation, and the same witness had already testified that her husband showed her love and affection. There is other testimony in the record that he showed concern for her physical condition and well being on the same day—Christmas 1957. And at least some affection might reasonably be inferred from the existence of the marriage state. In fact, this court has gone so far as to presume, as a matter of law, that affection is present as long as the relationship of husband and wife exists. *Booth* v. *Krouse*, 45 Ohio Law Abs., 43, 65 N. E. (2d), 89. In our opinion, the answer of the plaintiff did not materially affect the outcome of this case.

The defendant further contends that testimony was erroneously admitted over objection during the cross-examination of one Inez Smith. Without further repetition of that testimony here, it should be sufficient to say that its admissibility was a matter within the discretion of the trial court. 42 Ohio Jurisprudence, 335, Section 333.

The next six assignments of error are directed to special charges. Specifically, the defendant argues that the trial court erred in giving plaintiff's special charges numbered two, three and five and in refusing defendant's special charges numbered fifteen, sixteen and seventeen. The trial court must, of course, give any special charge that correctly states the law and is pertinent to the issues of the case unless the same subject has been covered by other charges given before argument. *Chesrown* v. *Bevier*, 101 Ohio St., 282, 128 N. E., 94. The requests for special charges submitted by the plaintiff were extracted almost verbatim from Fess, Ohio Instructions to Juries, Chapter 16. And although these charges might have been better adapted to the issues of this case with slight alterations, we cannot say that the giving of such charges in the form submitted constitutes prejudicial error.

Probably more worthy of comment are defendant's charges fifteen, sixteen and seventeen which were refused by the trial court.

Special charge No. 15 was submitted as follows:

"The court instructs you as the law in this case that the plaintiff is not entitled to a verdict in this case unless by a preponderance of the evidence that her husband loved her and would have continued to live with her except for what the defendant actually did or said."

Apparently some words were inadvertently omitted from this requested charge, which distracted from its meaning, and the court was under no obligation to supply the needed language. But regardless, the loss occasioned by the failure to so charge was only by way of emphasis, because the same subject matter had been covered in special charges eleven, twelve and thirteen.

Special charge No. 16 reads as follows:

"The court instructs you as the law in this case that the plaintiff is not entitled to a verdict in this case unless you find from a preponderance of the evidence that what the defendant did or said was the controlling cause of the husband leaving the plaintiff."

That charge was taken verbatim from the case of *Sturtevant* v. *Sturtevant*, 10 Ohio App., 132, but it may be observed that the real issue raised in that case did not involve special charges. More important in our consideration, however, is the fact that special charge number twelve, which follows for purposes of comparison, covers the same subject matter.

"The court instructs you as the law in this case that before the plaintiff can be entitled to your verdict you must find by a preponderance of the evidence that the plaintiff's husband separated himself from her on account of the alienation of his love and affection and because of the improper conduct of the defendant alleged in the petition. If separated on account of other causes there can be no recovery in this action."

Special charge No. 10, which was given by the court, also conveys practically the same meaning. Although one of the purposes for which special instructions are requested is to emphasize the proponent's case, any undue emphasis should be avoided. *Martin* v. *Dayton Power & Light Co.*, 107 Ohio App., 19, 156 N. E. (2d), 328.

Special charge No. 17 reads as follows:

"The court instructs you as the law in this case: To entitle

the plaintiff to recover, the plaintiff must prove by a preponderance of the evidence that the defendant enticed the plaintiff's husband to abandon her. Mere proof of a separation and that the plaintiff's husband was upon intimate terms with the defendant is not sufficient to entitle the plaintiff to recover on that ground."

That charge has a tendency to limit the plaintiff's right of recovery to acts and conduct of the defendant occurring prior to the separation, whereas the law provides that any malicious conduct which interferes with the return of the husband after separation also affords a right of recovery. 3 Restatement of the Law of Torts, Section 684, *Booth* v. *Krouse, supra.* In our opinion, the refusal to give the charge under the evidence presented in this case was not prejudicial error.

For her ninth assignment of error, the defendant objects to that part of the general charge which reads as follows:

"If you find for the plaintiff and find that the defendant in what she was alleged to have done was prompted by malice, then you may allow punitive damages."

Any possibility of prejudicial error in this regard was cured by the jury's verdict which specifically gave no amount in punitive damages.

The tenth assignment of error, which is directed to the weight of the evidence, poses a difficult problem, because the testimony presented in this case had a natural tendency to arouse sympathetic feeling in favor of the plaintiff who was pictured as an industrious, hard-working mother of five young children. Whether that feeling had any bearing upon the verdict, however, cannot be determined absolutely. The evidence on material issues was in sharp conflict. And, though the defendant presented strong evidence of estrangement and infidelity on the part of the husband before she came upon the scene, we cannot say that the evidence of the plaintiff, if accepted by the jury, was not sufficient to support the verdict.

The defendant's argument that the size of the verdict suggests passion and prejudice is weakened by the fact that the jury has no precise measure or guide to follow in the assessment of damages in an alienation of affections action. The loss or damage, by its very nature, is difficult to determine in a sum

certain. And any interference by this court with the jury's exercise of discretion in that regard would necessarily have to be based on pure speculation.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.