QUATMAN ET AL., APPELLEES, *v.* VILLAGE OF RUSSELLS POINT, APPELLANT.

(No. 1015—Decided October 13, 1961.)

*Messrs. Goslee & Dunlap* and *Mr. Joseph B. Quatman,* for appellees.

*Mr. John B. Kelly* and *Mr. Gerald J. Rone, Jr.,* for appellant.

GUERNSEY, P. J.  This is an appeal on questions of law from an action in mandamus brought in the Common Pleas Court by the owners of certain real property to require the respondent village, through its board of adjustment, to cause a portion of the property zoned for residential use to be rezoned to the same commercial classification applying to the balance of their adjacent property.  There was filed by respondent village, as one document, a demurrer to the petition on the ground that it did not state a cause of action, a motion to strike certain portions of the petition as constituting evidence and as conclusions of

the pleader, and motions to dismiss those portions of the petition entitled, respectively, "first cause of action" and "second cause of action," for the reason that facts constituting a cause of action are not pleaded. Before the demurrer and these motions were ruled upon the trial court granted respondent leave to file a motion to make definite and certain, which was forthwith filed, and thereafter all the motions and the demurrer were overruled. The respondent then filed its answer to the petition in the form of a general denial. After trial upon the issues joined, the trial court ordered a peremptory writ of mandamus to issue requiring the village to unite all the relators' land under the zoning classification of business commercial, and found and determined that the relators were forthwith authorized to use said land in accordance with such zoning classification.

No bill of exceptions was filed by appellant village and error was assigned as follows:

"I. The court erred in overruling appellant's demurrer to the petition.

"II. The court erred in not sustaining appellant's motion to dismiss the first cause of action set out in the petition.

"III. The court erred in not sustaining appellant's motion to dismiss the second cause of action.

"IV. The court erred in overruling appellant's motion to strike.

"V. The court erred in its final order in ruling that the board of adjustment 'should have granted relator's request to unite and join said tract having a business zoning classification.'

"VI. The court erred in its final finding the 'Wild Mouse Ride' installed on lots Nos. 59 and 60 would not be, 'a nuisance nor will it materially reduce the value or use of neighboring property.' "

Although there might be much merit to appellant's various contentions, as is usual in appeals on questions of law appellant must affirmatively show prejudicial error before there can be a reversal. Without a bill of exceptions we are deprived of all the evidence and, if evidence is necessary to demonstrate the error claimed, there is no affirmative showing of prejudicial error. If evidence is not necessary to demonstrate the error claimed, then the prejudicial error must appear affirmatively

from that part of the record which is before the court, *i. e.*, the transcript of the docket and journal entries, together with the original pleadings in the cause.

The motions to dismiss the first and second causes of action herein filed are in their nature demurrers to each of these causes of action, apparently were considered by the trial court as such, and will be considered by this court as such. This being the case this court will also consider the first three assignments of error together. By reason of the conclusions hereinafter mentioned we will also ignore the proposition of law, which sometimes governs, that an appellant cannot complain of error of the trial court in overruling a demurrer if he has thereafter answered instead of standing on his demurrer and having judgment entered against him.

Appellant's contentions under the first three assignments of error may be summarized that causes of action were not alleged because the petition shows that relators had an adequate remedy in the ordinary course of law, that the petition does not show a clear right to the relief prayed for, that relators cannot substitute mandamus for a right of appeal, that mandamus will not lie to control the discretion of public officials, and that the petition does not allege an abuse of discretion. These contentions are based on general principles of law to which there are many exceptions, but this appeal may be determined without regard to whether the general principle or the exception would be herein applicable.

This court is not permitted to take judicial notice of the village zoning ordinances which are herein involved, and to bring these ordinances into the record for consideration of the Common Pleas Court in an action originating therein and for consideration of this court in an appeal therefrom they must either appear undisputed in the pleadings or be introduced into evidence. See 21 Ohio Jurisprudence (2d), 51, Evidence, Section 37; and *Schulte* v. *Johnson*, 106 Ohio St., 359. Not being favored by a bill of exceptions, we do not know whether the ordinances herein involved were offered or received in evidence. We are not aided by the petition in this respect for although the ordinances were referred to in support of relators' claims, and probably sufficiently referred to to permit their introduction into evidence, they were not pleaded in their en-

tirety. Nor can the opinion of the trial court incorporated into the separate conclusions of fact and law journalized by the court, or such separate conclusions of fact and law, help us in this respect, for again the only reference to or quotation of any ordinance is in part only.

Without having the pertinent ordinances before us we cannot determine whether the relators had an adequate remedy at law, because we do not know what the remedy provided by ordinance was; we cannot determine whether relators had or had not a clear right to the relief prayed for, for we do not know what rights were afforded to them by the ordinances; we cannot determine whether mandamus should not be substituted for the right of appeal, for we cannot determine from what determination they could have appealed or whether what was ordered by the board of adjustment as to relators constituted a final appealable order; we cannot tell whether the discretion of a public official is attempted to be controlled by mandamus, for we do not know whether the ordinances gave the public officials any discretion; and for the same latter reason we cannot determine whether it was necessary for the relators to allege an abuse of discretion.

For these various reasons, we must conclude that the appellant has not shown affirmatively that prejudicial error was committed in any of the respects claimed in the first three assignments of error, and such assignments are therefore without merit.

We find appellant's fourth assignment of error with reference to the overruling of its motion to strike allegations from the petition without merit for the reason that no prejudice to appellant is shown or apparent, and for the further reason that the filing of a demurrer to the petition at the same time as a motion to strike allegations therefrom is deemed to be a waiver of the latter. See 43 Ohio Jurisprudence (2d), 206, Pleading, Section 189.

Appellant's fifth assignment of error cannot be determined by this court without the benefit of the ordinances and the evidence and is therefore without merit.

Appellant's sixth assignment of error cannot be determined by this court without the benefit of the evidence and is without merit.

The caption of the petition does not show that application for the writ of mandamus is in the name of the state. However, appellant does not assign this as error, and had it done so this court could not, without a bill of exceptions, determine whether during trial amendment of same was sought, ordered, or could have been ordered.

Finding no error prejudicial to the appellant in the particulars assigned, the judgment of the trial court must be and hereby is affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.