MATHEWS, APPELLANT, *v.* MUMEY, APPELLEE.

(No. 328—Decided June 26, 1968.)

*Mr. William P. DeStephens,* for appellant.
*Mr. Carl M. Jones* and *Mr. William L. Coleman,* for appellee.

COLE, J.  This is an appeal by the plaintiff below on questions of law in a negligence action, presented on a narrative bill of exceptions.  One issue of the case involved

the question of loss of future earning capacity as an element of damages. During cross-examination of the plaintiff, defendant's counsel, over objection of plaintiff's counsel, inquired into gross profits, expenses and net profits of plaintiff's business as a self-employed contractor for the years 1960 through 1966. The injury complained of occurred September 25, 1964. Verdict was for the plaintiff in the amount of $500. The issue raised by the assignment of error and discussed in the briefs concerns the action of the trial court in overruling plaintiff's objection to the above described cross-examination.

Loss of future earning capacity is a well-defined element of damages resulting from personal injury. To determine it, evidence as to the wages of the injured party is generally admissible. This bears directly on the ultimate question of earning power. However, not all persons are employees working for a fixed wage. There is also that class described as the self-employed, and what they earn is less clearly crystalized. In some cases the activities they pursue involve the investment of capital and the employment of the labors of others. In the ultimate case of this character, the individual is an investor simply supplying cash and capital in the form needed by the particular business. In such case there is no relation between profit or return and the earning power of the individual affected by his injury. In other cases there is such an intertwining of capital, labor of others and personal endeavor that it is extremely difficult, if not impossible, to isolate the element of earning power of the individual.

At the opposite extreme are those cases where the returns of the operation—its net income—are almost exclusively the result of the individual's effort, the elements of capital and labor of others being so small as to be of little significance.

The case of *LoSchiavo* v. *Northern Ohio Traction & Light Co.* (1922), 106 Ohio St. 61, cited in both briefs, discusses this distinction. It is there said, at page 73:

"It is apparent therefore that if in personal injury cases the loss of profits is not to enter into the measure-

ment of the damages, all evidence of profits *resulting from investment of capital, or from the employment of the services of others*, must be kept from the consideration of the jury for all purposes, and the testimony must necessarily be confined to the nature and extent of the business and the part which the plaintiff transacted in it." (Emphasis added.)

Thus, the court effectively deals with one end of the spectrum of the situation—where capital and the labor of others are substantial elements.

However, at the other end of the spectrum are cases of professional men and others where the individual, his unique abilities and training are the basic factors. Where capital investment and labor of others are only incidental to the final return there is a definite relationship between income and earning power of the individual.

22 American Jurisprudence 2d 146, Section 99:

" * * * It has been held that where the facts disclose such a preponderance of the business element over the personal equation or such an admixture of the two that the personal earnings could not be safely or properly segregated from the returns upon capital invested, the income or profits from a business should not be considered in determining the amount of the damages to which the plaintiff is entitled, but that where the element of personal earnings predominates over the investment of an insignificant capital which is merely incidental to the performance of personal services, the profits are one way to measure the value of the plaintiff's lost time and impaired earning capacity, and may be considered by the jury in awarding damages for these elements. * * *"

Plaintiff's counsel in his brief agrees that the rule of the *LoSchiavo case* is not all inclusive but that the case of the professional man may be distinguished. The principle, however, makes it clear that the point of the difference lies in the relative contribution of capital and personal labor and may in all fairness be extended to cases analogous to the professional man case.

Since, therefore, the application of the rule is depend-

ent upon the character of the endeavor involved, we look to the bill of exceptions to determine this point and discover almost nothing as to the plaintiff's business. It states that the plaintiff is a "self-employed contractor" and nothing more as to what plaintiff did. There is nothing on the question of whether he hired others or whether he even used capital. For all we know he may simply have contracted his own labor which may or may not have been highly skilled.

In *Beach* v. *Sweeney* (1958), 167 Ohio St. 477, the Supreme Court states, at page 478:

"* * * On appeal on questions of law all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity and legality of the proceedings below."

The bill of exceptions is obviously, on its face, incomplete. Narrative in form, it may well be a summary of a part of the evidence, but most of the evidence is omitted, and all pertinent evidence on the point here involved is omitted. The trial court may well have had adequate evidence to justify finding this case analogous to the professional man case. We cannot tell, the evidence is not before us. In such case there is no affirmative demonstration of the error complained of and the presumption of validity must govern.

The Supreme Court, in *McGarvey* v. *Puckett* (1875), 27 Ohio St. 669, says, at page 673:

"* * * In order that error may be maintained, sufficient facts must appear in the bill of exceptions to show that such error was actually committed by the court. They do not so appear here."

See, also, *Quatman* v. *Russells Point* (1961), 116 Ohio App. 298.

This is particularly true in the instant case where the testimony as to profits was elicited not on direct but on cross-examination of the plaintiff. The character and extent of cross-examination rests largely in the discretion of the trial court. In *Wallen* v. *Gorman* (1960), 112 Ohio App. 350, paragraph three of the syllabus reads:

"The admission of evidence on cross-examination, over objection, is a matter within the discretion of the trial court."

See, also, 3 Ohio Jurisprudence 2d 749, Section 770; 56 Ohio Jurisprudence 2d 745, Section 315.

In the instant case the narrative bill of exceptions is insufficient to reveal any abuse of discretion by the trial court, and, again, the presumption of validity must be determinative.

*Judgment affirmed.*

GUERNSEY, P. J., and YOUNGER, J., concur.