BROACH, APPELLEE, *v.* MIDLAND
STEEL PRODUCTS CO. ET AL.,
APPELLANTS.

(No. 47328—Decided May 21, 1984.)

*Mr. Gerald F. Cooper, Jr.,* for appellee.

*Mr. R. Mark Halligan* and *Mr. Timothy J. Delaney,* for appellants.

DAY, C.J. Defendant-appellant Midland Steel Products Company (defendant) appeals the judgment of the court of common pleas rendered after a jury returned a verdict in favor of plaintiff-appellee Delores Broach (plaintiff). For reasons adduced below, the judgment is affirmed.

I

The statement of facts contained in the appellants' brief contains scant references to the record while appellee's brief makes no appropriate record references. Such practice is not in conformance with App. R. 16(A)(4), (D), and 12(A). Nevertheless, the case has been entertained.

This case arose from incidents which plaintiff claimed caused injury to her lower back and left ankle. Plaintiff alleged that on February 7, 1980, while employed as a press helper for the defendant, she tripped on a block and fell to the floor. After the accident, plaintiff got up, completed her work, and visited the company nurse.

Plaintiff was taken to St. John Hospital where her leg, ankle, and back were examined. X-rays were also taken and medication was administered. She was returned to her place of employment. There she was advised either to see the company doctor or her private physician. On February 13, 1980, plaintiff was examined by her private physician, Dr. Sheldon Kaffen. Plaintiff was also examined by Dr. John N. Posch pursuant to defendant's reference. Plaintiff testified she had no back injuries prior to the occurrences on February 7, 1980.

In June 1980, plaintiff filed a "C-50" Application in the Ohio Bureau of Workers' Compensation. That application contains space for the claimant to describe how the injuries arose. Plaintiff's typed description on the application is partially obliterated. However, it was brought out during the course of the litigation that the injuries occurred when "[s]he attempted to avoid an oil puddle and fell over a block to the floor."

The application also required that plaintiff specify the name, address, and phone number of any witness to her industrial accident. Plaintiff responded "unknown." Furthermore, the application requested that she specify the nature of the injury and part or parts of the body involved. The reply to this inquiry was "low back." No other part of the body was mentioned.

Defendant contested the claim. It was allowed. Subsequent appeals by defendant to the Cleveland Regional Board of Review and the Industrial Commission affirmed the allowance.

On December 29, 1981, pursuant to R.C. 4123.519, defendant filed a notice of appeal from the decision and order of the Industrial Commission to the court of common pleas. On trial defendant's request that defendant's Exhibit No. 7 (the C-50 Application) be admitted into evidence was denied. The exhibit was received for purposes of appeal to show the waiver of the patient-physician privilege; it was later proffered for the record. On July 8, 1983, the jury returned a verdict in plaintiff's favor and found that she had a right to participate in the Ohio Workers' Compensation Fund for injuries to both her low back and left ankle. On appeal the defendant raises three assignments of error.

II

### Assignment of Error No. I

"The trial court erred in admitting the expert testimony of Dr. John N. Posch in violation of a stipulation by counsel that Dr. Posch could only testify as a fact witness."

Defendant contends the testimony of Dr. Posch was in direct contravention of an oral stipulation between plaintiff and defendant in which it was agreed that Dr. Posch would testify only as a fact witness. Assuming the existence of the stipulation as claimed,[1] the threshold issue is whether or not Dr. Posch's testimony amounted to expert or factual testimony.

After the fall defendant had referred plaintiff to Dr. Posch for a review of her condition "for company reasons * * * ." Dr. Posch's deposition, taken on July 5, 1983, was read at trial. In it he testified:

"A. Well, basically when a company sends a patient to me for a medical examination, it's not for the purpose of treatment, it's merely for the purpose of establishing a diagnosis, the extent of an injury, disability or whatever, that the company may be concerned about."

After the doctor examined plaintiff, he dictated a report letter, had it typed, and sent it to the defendant's Safety Manager, a Mr. Rollins.

On deposition, Dr. Posch stated that he examined plaintiff, that he did not recall any of the specifics of that examination from his independent recollection, and that the "only thing that [he] could refer to would be a [sic], either the office records or a medical report that [he could] have made at that time." After the proper foundation was laid, the doctor stated:

"Well, according to the report, I can read it verbatim, it says she complains of pain which she states begins at the waist and radiates up the back into the thoracic region and also down the left leg as far distal as the ankle."

Throughout the deposition the doctor stated he could only read verbatim from the report. It was emphasized that the doctor had no independent recollection and that the examination was made three and one-half years before. When asked if he made a diagnosis on the date of the examination, the doctor affirmatively responded and added, "It is my impression this woman has suffered a lumbosacral strain as a result of her job related injury."

[1] The putative stipulation appeared in prefatory remarks by defendant's counsel at the video deposition of Dr. Posch being deposed as plaintiff's witness on July 5, 1983. The deposition clearly shows the opposition of defendant's counsel to Dr. Posch as an expert witness. It does not show the agreement of the plaintiff's lawyer unless that agreement may be found by tacit consent. Plaintiff's counsel said nothing in response to the defense lawyer's remarks.

Cross-examination confirmed that Dr. Posch had no independent recollection but had to read from the report; the report covered the first and last time he saw plaintiff; and he was not her treating physician. It was also brought out that his diagnostic conclusion that the strain was a result of · "the job related injury" was "simply based on what the claimant [had] told" him. Moreover, the doctor stated he had "no other information to work with"; he did not have the St. John Hospital record; and he did not have the X-rays taken at St. John Hospital. The cross-examination concluded with:

"Q. So essentially your comments that you made in your report at the request of the company were based solely on what the claimant told you and then the results of your physical examination?

"A. That's right."

Defendant contends the doctor testified as to "proximate causation." However, defendant has not exemplified this claim in the record. Upon a full review, there is no evidence that the doctor gave an opinion or causation of the injury beyond those passages which have been cited. His report reflects plaintiff's assertion, not his own, that her injuries were "job related." He did not discuss probable relationships, he merely reiterated plaintiff's belief that she believed the injury was accident related. Moreover, no hypothetical questions were propounded to the doctor for the purpose of establishing a proximate causal relationship between the accident and the injury.

The conclusion is ineluctable that Dr. Posch was not called as an expert witness. Rather he was called as a fact witness to testify to the results of his examination of plaintiff. Having concluded that the doctor's testimony was factual, it is unnecessary to determine whether there was an oral stipulation

confining his permissible testimony to factual matters.

Assignment of Error No. I is without merit.

### III
### Assignment of Error No. II

"The trial court erred in denying the admission of claimant's C-50 Application in evidence."

The issue raised in this assignment is whether or not plaintiff's responses of "unknown" and "low back" to the C-50 Application request for a specification of "witnesses" and "nature of injury," respectively, constituted admissions under Evid. R. 801(D)(2).

Defendant asserts these alleged admissions shake plaintiff's credibility because at trial she went beyond the C-50 and claimed that she also sustained an injury to her left ankle during the traumatic incident in issue.

At trial, plaintiff's C-50 Application was marked for identification as defendant's Exhibit No. 7. The court denied admission of the exhibit and refused to allow the jury to see it. However, the exhibit was admitted for purposes of appeal to show the waiver of patient-physician privilege. The exhibit was also proffered into the record. Apparently this was for more general purposes of appeal although counsel made the mystifying statement that the proffer was "just for purposes of proffer."

Webster's New International Dictionary (2 Ed. 1956) defines "unknown" as: "1. Not known; * * * Not apprehended; not ascertained. * * *" Plaintiff's response does not mean there were no witnesses. Her answer of "unknown" simply indicates a lack of knowledge at the time she completed the application. This was not an admission.

In evaluating plaintiff's credibility in light of her failure to indicate an ankle injury on the C-50, it must be remembered that she was not a physician making a medical report. The record itself

contains considerable evidence of the ankle injury. With the facts in this stance the omission of any reference to the ankle in the claim papers raises only a credibility issue. And assuming error in denying admission of the C-50, the defense claim is flawed. For the defendant demonstrates no prejudice. It merely asserts in its brief:

"It should go without saying that Claimant's C-50 Application versus her testimony at trial raised serious credibility issues. Therefore, the trial court committed prejudicial error in denying the admission of Claimant's C-50 Application in evidence."

"[A]s is usual in appeals on questions of law appellant must affirmatively show prejudicial error before there can be a reversal. * * *" *Quatman* v. *Russells Point* (1961), 116 Ohio App. 298, 299 [22 O.O.2d 124]. No prejudice has been demonstrated.

Assignment of Error No. II is without merit.

### IV

### Assignment of Error No. III

"The trial court erred in denying employer's motion for directed verdict."

The issue raised by Assignment of Error No. III is whether or not "there is substantial competent evidence to support the party against whom the motion [for directed verdict] is made, upon which evidence reasonable minds might reach different conclusions * * * ." *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 115 [4 O.O.3d 243].

With respect to the claim of injury to the left ankle, review of the facts compels the conclusion that reasonable minds could have reached the conclusion the jury did on the question whether plaintiff was in the scope and course of her employment and received some in-jury to the back of her left foot or ankle proximately caused from hitting a block and falling. Given the facts and circumstances of her fall, medical testimony was not absolutely essential to prove a proximate causal relationship between the fall and the ankle injury, *Stacey* v. *Carnegie-Illinois Steel Corp.* (1951), 156 Ohio St. 205, 212-213 [46 O.O. 93]; *White Motor Corp.* v. *Moore* (1976), 48 Ohio St. 2d 156, 160 [2 O.O.3d 338].

Assignment of Error No. III is without merit.

The judgment is affirmed.

*Judgment affirmed.*

PARRINO and MARKUS, JJ., concur.

MARKUS, J., concurring.

I believe that defendant's second assigned error merits additional comment. The language used by plaintiff in completing her application for benefits was part of a party's statement offered by an adverse party. Hence, they were not hearsay. Evid. R. 801(D)(2)(a). Since they were relevant to the controversy they should have been admitted in evidence.

Plaintiff's statement that witnesses were "unknown" need not be an "admission" or inconsistent with trial testimony in order to be admissible. Her omission of any reference to an ankle injury constituted a "statement" in these circumstances. Consequently, that omission was proper evidence, regardless of its evaluation as an admission or a prior inconsistent statement.

However, I am not persuaded that defendant has demonstrated sufficient prejudice by the ruling excluding the proffered exhibit to justify a retrial. Therefore, I concur in the affirmance.