{¶ 15} With all due respect to the Majority Opinion, I dissent. This case is not properly before this court, and I would have dismissed this appeal because the City failed to invoke Crim.R. 12(K). Crim.R. 12(K) requires the prosecution to show that the suppression order has so weakened its case that any reasonable possibility of effective prosecution has been destroyed. The prosecution has failed in this regard. The defendant moved to suppress the BAC results. The defendant was not charged with a BAC violation. He was charged with a DUI, and the evidence showed the defendant admitted drinking, admitted involvement in an accident, and failed several field sobriety tests.
 {¶ 16} The Majority Opinion voices concern that the City's Crim.R. (K) certification might be improbable. Additionally, the Majority Opinion uses the fact that defendant was charged with DUI as further evidence that the BAC procedure did not prejudice him. Consequently, I would have ended the inquiry at that point and dismissed the appeal.
 {¶ 17} Nevertheless, I am compelled to address whether the trial court erred in suppressing the defendant's BAC results. The evidence as stipulated to by both the City and the defendant is that the police performed an instrument check six days before the defendant's test and nine days after the defendant's BAC results. The query is whether the post-instrument check impacted the admissibility of the defendant's results in light of State v. Burnside, 2003-Ohio-5372.
 {¶ 18} State v. Burnside holds that the police must substantially comply with the Director of Health's requirements. As it relates to instrument checks, the Director of Health proscribes that an instrument check may be performed anytime up to 192 hours after the last check. In this case, the post-instrument check occurred 44 hours beyond the 192 hours as proscribed by the Director of Health.
 {¶ 19} The trial court held the untimely post-instrument check affected the admissibility of the defendant's test results. The Majority Opinion agreed with the City and held that since no evidence of malfunction existed, the defendant had not been prejudiced by the untimely post-instrument check. I am concerned that the issue is not one of malfunction, but of reliability of the defendant's results as general principle.
 {¶ 20} The Director of Health has proscribed that any check after the proscribed 192 hours is suspect. The Ohio Supreme Court in Burnside held the following:
"A court infringes upon the authority of the Director of Health when itholds that the state need not do that which the director has required.Such an infringement places the court in the position of the Director ofHealth for the precise purpose of second-guessing whether the regulationwith which the state has not complied is necessary to ensure thereliability of the alcohol-test results."
 {¶ 21} In light of Burnside, I think the issue of reliability is covered by the proscription of the Director of Health's regulation. I recognize that many district courts have followed the reasoning ofPioneer v. Martin (1984), 16 Ohio App.3d 428, and have held that when the pre-instrument check is strictly complied within the 168 hours, the post-instrument check is irrelevant. I believe the City has to substantially comply with the 192 hour instrument check as proscribed by the Director of Health, and any untimely instrument check pre or post calls into question the reliability of the test, whether the instrument malfunctioned or not.
 {¶ 22} Accordingly, I would have held that post-instrument check impacts upon the reliability of the defendant's BAC results, that an untimely instrument check pre or post does not meet the de minimis standard of Burnside, and prejudice is irrelevant unless the City shows substantial compliance; consequently, I would have affirmed the trial court's decision.